■ In the Matter of ANNA DARMSTEDTER, Appellant, v BUFFALO SEWER AUTHORITY, Respondent. — Order unanimously reversed, with costs, and motion granted. Memorandum: Petitioner appeals from an order of Supreme Court, Erie County, denying an application for leave to file a late notice of claim for personal injuries (General Municipal Law, § 50-e, subd 5). On September 14, 1981, petitioner, then age 19, sustained numerous injuries when the car in which she was a passenger struck water that had accumulated on the road surface and then veered into a utility pole. On November 16, 1981, a notice of claim was served on the City of Buffalo. On August 6, 1982, a summons and complaint was served on the city. Service in both instances was made on the Corporation Counsel. Thereafter, petitioner's attorney was advised by the Corporation Counsel's office that the Buffalo Sewer Authority might be involved in the claim. On September 30, 1982, petitioner moved for leave to file a late notice of claim on the sewer authority. Special Term denied the motion and petitioner appeals. Special Term improvidently denied petitioner's application. Although not determinative here, we note that in October, 1981, another passenger in the car also filed a notice of claim with the city and failed to serve the sewer authority. Her attorneys moved in July, 1982, for leave to file a late notice of claim upon the sewer authority. That application was granted and no appeal was filed from that order. The court has discretion to grant extensions of time to file notices of claim provided that the extension does not exceed the time limit for the commencement of an action against the authority (*Matter of Wemett v County of Onondaga,* 64 AD2d 1025, 1026). Section 50-e (subd 3, par [a]) of the General Municipal Law provides that service of a notice of claim may be made upon an attorney regularly engaged in representing a public corporation. The Corporation Counsel of the city is the attorney regularly engaged in representing the sewer authority (Public Authorities Law, § 1177). That attorney was apprised of the essential facts constituting the claim by the notices timely filed by both claimants. While it is true that because of the diversity in the operation of a large city government notice to one department cannot usually be fairly considered notice to another (*Tarquinio v City of New York,* 84 AD2d 265, 270, it does not seem unreasonable to conclude that under the circumstances of this case, the sewer authority's attorney acquired actual knowledge of the essential facts constituting the claim within a reasonable time after the incident, as contemplated by the statute (General Municipal Law, § 50-e, subd 5). We find no showing of prejudice to the sewer authority. The authority has access to the police reports, pictures and any investigative material that may have been collected by the city in conjunction with its own independent review. A just claim for damages

for a serious injury should not be forfeited for failure to give notice where the basic purpose of the statute is not offended and where no substantial prejudice exists (*Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, 427-428, affd 51 NY2d 957). (Appeal from order of Supreme Court, Erie County, Cook, J. — late notice of claim.) Present — Dillon, P. J., Callahan, Green, O'Donnell and Schnepp, JJ.