LYDIA MELENDEZ, Individually and as Administratrix of the Estate of RAMON-ORTIZ MELENDEZ, Deceased, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents.

First Department, June 14, 1988

### APPEARANCES OF COUNSEL

*Thomas F. Waldorf, P. C.,* of counsel *(Talisman & Rudin,* attorneys), for appellant.

*Steve S. Efron* of counsel *(Albert C. Cosenza,* attorney), for respondents.

OPINION OF THE COURT

KUPFERMAN, J. P.

At approximately 5:00 P.M. on April 6, 1982, as he was crossing the intersection of East 167th Street and Grant Avenue in The Bronx, plaintiff's decedent was struck and gravely injured by a bus owned by defendant New York City Transit Authority (T.A.) and operated by its subsidiary corporation, defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA). He died of his injuries that same day. A timely notice of claim was served upon defendants on June 1, 1982 pursuant to General Municipal Law § 50-i. However, this wrongful death action was not commenced until April 2, 1984.

In their verified answer, defendants erroneously admitted that this action was commenced within 1 year and 90 days of its accrual. Thereafter, defendants sought leave to amend their answer to include the affirmative defense of Statute of Limitations, which motion was granted by the order appealed from.

Public Authorities Law § 1212 (2) requires that an action "founded on tort" shall not be commenced against defendant authorities more than 1 year and 90 days "after the happening of the event upon which the claim is based".

At one time, there was no uniform time limit within which to commence an action against a municipality. In 1959, however, General Municipal Law § 50-i was enacted (L 1959, ch 788, § 1), which, like Public Authorities Law § 1212, required that any action for personal injury or property damage sustained by reason of the negligence or wrongful act of a municipality had to be commenced within 1 year and 90 days after the happening of the event.

In *Collins v City of New York* (55 NY2d 646), where a wrongful death action against a municipality was commenced within 2 years of, but more than 1 year and 90 days after, the decedent's death, the Court of Appeals held that the term "personal injury" does not include within its scope actions for wrongful death and that plaintiff's claim against the defendant city was governed by the two-year period of limitations for wrongful death actions found in EPTL 5-4.1. In so ruling, the court further noted that General Municipal Law § 50-i had recently been amended (L 1981, ch 738, § 2, eff Sept. 1, 1981) to provide specifically for the inclusion of a two-year limita-

tion period for wrongful death actions against municipalities (55 NY2d, *supra,* at 648).

Unlike General Municipal Law § 50-i, however, Public Authorities Law § 1212 was never similarly amended. In *D'Andrea v Long Is. R. R. Co.* (117 AD2d 10), a wrongful death action commenced less than two years but more than one year after plaintiff's decedent was struck and killed by a L.I.R.R. train, Justice Lawrence J. Bracken, writing for a unanimous Second Department, concluded that, for purposes of Public Authorities Law § 1276 (2), which requires that an action against the Metropolitan Transportation Authority or its subsidiaries "founded on tort" shall not be commenced more than one year after the cause of action therefor shall have accrued, such an action accrues upon the death of the decedent.

In so ruling, the court noted that it is now settled that the one-year Statute of Limitations contained in Public Authorities Law § 1276 (2), and not the two-year limitation period prescribed by EPTL 5-4.1 applies in a wrongful death action against the MTA or its subsidiary (117 AD2d, *supra,* at 13, citing *Andersen v Long Is. R. R.,* 88 AD2d 328, *affd* 59 NY2d 657). Any doubt which may have existed that *Andersen* was distinguishable because the determinative factor there was not that the death action was untimely commenced (it was commenced within one year of the defendant's death), but that no demand or claim had been made upon the railroad at least 30 days prior to the commencement of the action and no mention of such notice was placed in the complaint as required by section 1276 (1), was dispelled by the Court of Appeals affirmance of *D'Andrea v Long Is. R. R. Co. (supra)* for the reasons stated in Justice Bracken's opinion (70 NY2d 683).

While section 1276 (2), applying to the MTA and its subsidiary L.I.R.R., requires actions founded on tort to be commenced no more than "one year after the cause of action therefor shall have accrued", whereas section 1212 (2), which applies to the T.A. and its subsidiary MABSTOA, requires such actions to be commenced no more than "one year and ninety days after the happening of the event upon which the claim is based", the holding of *D'Andrea v Long Is. R. R. Co. (supra)* is clearly applicable to the instant case and binding on this court.

Thus, while constrained to agree that plaintiff's action is governed by the 1-year-and-90-day period of limitations of

Public Authorities Law § 1212 (2), we "can only remark the seeming injury to the sense and symmetry of the law" *(Matter of Rathscheck,* 300 NY 346, 352 [Fuld, J., concurring]) and call the attention of the Law Revision Commission to Justice Bracken's apt description of "the morass which is comprised of the several statutory provisions limiting the time in which a wrongful death action may be commenced" *(D'Andrea v Long Is. R. R. Co.,* 117 AD2d 10, 11, *supra),* urging it to remedy the anomaly presented by this and other cases, where the timeliness of wrongful death actions commenced on behalf of the estates of otherwise similarly situated decedents hinges on the fortuitous fact that the decedent was struck and killed by a vehicle owned and operated by a public authority rather than one owned and operated by a municipality. There appears no cogent reason for such lack of uniformity and disparity of treatment.

Accordingly, the order of the Supreme Court, Bronx County (Barry Salman, J.), entered March 5, 1987, which granted defendants' motion for leave to amend their answer to add the affirmative defense that plaintiff failed to comply with Public Authorities Law § 1212 should be affirmed, without costs.

Ross, CARRO, ROSENBERGER and SMITH, JJ., concur.

Order, Supreme Court, Bronx County, entered on March 5, 1987, unanimously affirmed, without costs and without disbursements.