■ HOSAN BINYARD, Respondent, v CITY OF NEW YORK et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 4, 1988, which denied the defendants' motion to dismiss, and granted the plaintiff's cross motion for leave to serve a late notice of claim and to add a new party to the action.

Ordered that the order is reversed, with costs, the motion is granted, the cross motion is denied, and the action is dismissed.

The Health and Hospitals Corporation (hereinafter the HHC) is a separate and distinct entity from the defendant City of New York (see, McKinney's Uncons Laws of NY § 7384 [1]; § 7385 [5]; § 7401 [4]; [New York City Health and Hospitals Corporation Act § 4 (1); § 5 (5); § 20 (4) (L 1969, ch 1016, § 1, as amended)]; *Brennan v City of New York*, 59 NY2d 791, 792). Since the alleged tort-feasor, the Emergency Medical Service, is a subdivision of the HHC, the HHC was the proper party to be served with a notice of claim and a summons and complaint (see, General Municipal Law § 50-e [1]; McKinney's Uncons Laws of NY § 7401 [2]). No jurisdiction was acquired over the HHC by virtue of service of the summons and complaint on the defendant City of New York.

The plaintiff's application for leave to serve a late notice of claim and to add the HHC as a party was not made within 1 year and 90 days after the claim accrued nor was the HHC served with a summons and complaint at any time within that period. As a result, the Supreme Court was without discretion to grant the relief requested (see, McKinney's Uncons Laws of NY § 7401 [2]; General Municipal Law § 50-e [5]; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 262; *Matter of Lopez v City of New York*, 123 AD2d 765; *Matter of Mazzilli v City of New York*, 115 AD2d 604, 605; *Ferrara v Terryville Fire Dist.*, 110 AD2d 749).

In its answer, the defendant City of New York denied it

owned or controlled the Emergency Medical Service or that the notice of claim was served pursuant to the General Municipal Law. There is no duty to raise the failure to serve a notice of claim as an affirmative defense *(see, Nicholas v City of New York,* 130 AD2d 470, 471). The fact that the Corporation Counsel represents both the City of New York and the HHC does not provide the necessary nexus to attribute the acts of the HHC to the City of New York *(see, Leventhal v Health & Hosps. Corp.,* 108 AD2d 730, 731). As a result, there was no basis upon which to equitably estop the defendant City of New York from disclaiming that it was the proper party to the action *(see, Lopez v City of New York,* 123 AD2d 765, *supra; Leventhal v Health & Hosps. Corp., supra,* at 731; *Thomas v City of New York,* 102 AD2d 867, 868; *Luka v New York City Tr. Auth.,* 100 AD2d 323, 324-325, *affd* 63 NY2d 667).

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.