OPINION OF THE COURT
Richard D. Huttner, J.
In this action for false arrest, assault and battery, and *141 negligence, plaintiff requests a "missing document” charge to the jury with respect to an X ray or X rays taken at Kings County Hospital which are missing from the hospital record furnished to plaintiff pursuant to subpoena. It is undisputed that the plaintiff’s injuries resulted in quadriplegia. However, a determination as to the type of neck fracture that caused his paralysis is crucial to plaintiff’s cause of action. Plaintiff alleges the defendant police officer pressed his neck with a walkie-talkie radio causing the fracture. It is defendant’s position that the injury was sustained when plaintiff jumped from a window of his apartment prior to the defendant police officer’s involvement. A laminectomy was performed, verifying the fracture, but the hospital records are silent as to whether plaintiff suffered a compression fracture (which would be consistent with a fall) or another type of fracture. The X rays would, in all likelihood, resolve this issue. Indeed, medical experts for both plaintiff and defendant requested production of the X rays in order to render more reliable opinions as to the cause of plaintiff’s cervical fracture.
Plaintiff’s attorney personally visited Kings County Hospital in order to obtain plaintiffs hospital records and was advised that the records were "in the administrator’s office”. He later by mail sought to obtain the hospital records and was advised that they were in the possession of the Corporation Counsel and that any requests for review of the records must be made to the Corporation Counsel. Indeed, after payment of over $700 in photocopying fees, plaintiffs lawyer obtained the records, not from Kings County Hospital, but from the litigation unit of the Corporation Counsel’s office. Notwithstanding the fact that New York City Health and Hospitals Corporation (NYCHHC) is not a defendant here, it apparently complied with a directive of the Corporation Counsel not to disclose the plaintiffs medical records to his own attorney.[1]
The Assistant Corporation Counsel does not know the whereabouts of the X rays, nor were they ever furnished to him, and he resists the missing document charge on the grounds that the NYCHHC, under whose auspices Kings *142 County Hospital operates, is not a party to the action. The city argues correctly that NYCHHC is a.public benefit corporation and as such is an entity separate and independent from the City of New York. (McKinney’s Uncons Laws of NY § 7381 et seq. [L 1969, ch 1016, as amended]; Bender v New York City Health & Hosps. Corp., 38 NY2d 662.) The Court of Appeals has explicitly held that for purposes other than indemnification and representation NYCHHC is not an agency of the city. (Brennan v City of New York, 59 NY2d 791.) However, the purpose of the legislation creating NYCHHC as a separate entity is to more effectively provide medical and health services and facilities for the benefit of the people of the city, which is deemed the performance of an essential public and governmental function (McKinney’s Uncons Laws of NY § 7382), and not to insulate NYCHHC from compliance with the rules governing the furnishing of records it is required by law to maintain.
It has been my observation that it is the rule rather than the exception that NYCHHC hospital records are delivered directly to the Corporation Counsel’s office in all matters wherein the City of New York is a defendant. The requested "missing document” charge (PJI 1:77) speaks to documents in the possession of a party. The Assistant Corporation Counsel claims that since it never possessed the missing X rays the missing document charge would be unwarranted.[2] However, it would be manifestly unfair to plaintiff to permit the City of New York to exercise supremacy over the records maintained by a nonparty to the exclusion of even the patient plaintiff’s attorney and then claim that the nonparty NYCHHC is a separate entity from the City of New York. The Corporation Counsel defends all actions against NYCHHC or retains private firms to do so in some medical malpractice matters. Judgments against NYCHHC are paid from city coffers and it is denominated an agency of the city for purposes of General Municipal Law § 50-k (Brennan v City of New York, supra), which entitles NYCHHC’s officers and employees to indemnification from the corporation and representation by the Corporation Counsel. The Health and Hospitals Corporation is merely a creature of statute, legally separate and distinct for various purposes, but this legal distinction cannot obscure the *143 equities here, or the fact that the city’s attorney, in a very real sense, controls the documents in issue.
Accordingly, plaintiffs request to charge the jury on the failure to produce the X rays is granted under the facts present here.

. The city was afforded the opportunity during trial to present a witness or witnesses outside the presence of the jury to refute the inference that NYCHHC delivered the hospital records to the Corporation Counsel to the exclusion of all interested parties pursuant to direction of the Corporation Counsel. The Assistant Corporation Counsel declined the court’s invitation.

. This court acknowledges the good-faith representation of the Assistant Corporation Counsel that the X rays were never delivered to him.