■ Susan Ceely, Respondent, v New York City Health and Hospitals Corporation, Appellant.—In a medical malpractice action, the defendant appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated April 11, 1988, which denied its motion to dismiss the action and granted plaintiff's cross motion for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the action is dismissed.

The plaintiff herein seeks to recover damages for personal injuries allegedly suffered as the result of negligent medical treatment rendered to her at the defendant's Coney Island Hospital facility from February 17 to March 4, 1986. She commenced the instant action on or about May 23, 1986, by serving the New York City Comptroller with a notice of claim against the City of New York. However, since Coney Island Hospital is operated by the defendant New York City Health and Hospitals Corporation (hereinafter NYCHHC), the defendant NYCHHC was the proper party to be served with the notice of claim *(see,* McKinney's Uncons Laws of NY § 7401 [New York City Health and Hospitals Corporation Act § 20 (L 1969, ch 1016, § 1)]; General Municipal Law § 50-e; *Brennan v City of New York,* 59 NY2d 791). The plaintiff did not seek leave to file a late notice of claim against the NYCHHC until Dec-

ember 1987 and only after the defendant had brought a motion to dismiss the action for failure to serve a notice of claim.

The Supreme Court erred in denying the defendant's motion to dismiss and in granting the plaintiff's cross motion. The plaintiff's application for leave to serve a late notice of claim upon the defendant was not made within 1 year and 90 days after the claim had accrued. The court, therefore, was without the discretion to grant the relief requested (see, McKinney's Uncons Laws of NY § 7401 [2]; General Municipal Law § 50-e [5]; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 262; *Zydyk v New York City Tr. Auth.*, 151 AD2d 745).

The plaintiff's contention that the defendant should be estopped from asserting the failure to properly serve a notice of claim as a defense is without merit. "The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances" *(Matter of Gross v New York City Health & Hosps. Corp.*, 122 AD2d 793, 794). In its answer dated March 30, 1987, the defendant specifically denied the plaintiff's allegation in her complaint that she had "complied with all the conditions precedent to bringing this action". It is well established that "[t]here is no duty to raise the failure to serve a notice of claim as an affirmative defense" *(Binyard v City of New York*, 151 AD2d 712, 713; *see also, Nicholas v City of New York*, 130 AD2d 470, 471).

Additionally, the mere fact that the Corporation Counsel represents both the City of New York and the defendant NYCHHC does not provide the necessary nexus to equate service of a notice of claim on one with service on the other *(see, Binyard v City of New York, supra; Leventhal v Health & Hosps. Corp.*, 108 AD2d 730). Moreover, this conclusion is not altered by the fact that the city conducted a hearing pursuant to General Municipal Law § 50-h and obtained medical authorizations from the plaintiff *(see, Hochberg v City of New York*, 63 NY2d 665; *Luka v New York City Tr. Auth.*, 100 AD2d 323, affd 63 NY2d 667; *Marku v City of New York*, 86 AD2d 601; *Gold v City of New York*, 80 AD2d 138).

In short, there is no evidence of any conduct on the part of NYCHHC which could be interpreted as lulling the plaintiff into a false sense of security. Hence, equitable estoppel does not lie *(see, Henderson v City of New York*, 143 AD2d 884; *Siahaan v City of New York*, 123 AD2d 620; *Gross v New York City Health & Hosps. Corp., supra)*.

The case of *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), does not require a contrary result. In *Bender*,

the Court of Appeals remitted the matter for an evidentiary hearing on the issue of estoppel. However, the court specifically noted that "[a]mong the allegations needing further elucidation to determine whether the corporation is estopped are the claims that for a period of time the corporation and the city refrained from strictly applying the new statute, that the date of the transfer of operational responsibility to the corporation was not a matter susceptible of public discovery and that the corporation failed to indicate its autonomy in a manner similar to other autonomous city agencies" *(Bender v New York City Health & Hosps. Corp. supra,* at 668-669). Thus, an important consideration was the fact that the events in *Bender* took place shortly after the NYCHHC came into being, and the public's confusion as to its independent status was reasonable. These factors are not present here, nor, as noted above, are there any factors to indicate that the city or NYCHHC misled the plaintiff as to the identity of the proper defendant. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.