■ GLORIA KROIN, Individually and as Administratrix of the Estate of SAUL S. KROIN, Appellant, v CITY OF NEW YORK et al., Respondents. [620 NYS2d 339] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 19, 1993,

96

which granted defendants' motion to dismiss the complaint for failure to serve a notice of claim upon defendant New York City Health and Hospitals Corporation (HHC), and order, same court and Justice, entered January 7, 1994, which, *inter alia,* denied plaintiff's motion for renewal, unanimously affirmed, without costs.

Defendants were under no duty to raise plaintiff's failure to serve a notice of claim on defendant HHC as an affirmative defense, or otherwise bring to plaintiff's attention that defendant City of New York, on whom plaintiff did serve a notice of claim, was not a proper party defendant *(see, Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492, 493). Plaintiff's attorney should have known that a notice of claim had to be served on HHC. Defendant's conduct in not affirmatively advising plaintiff, the appearance of an HHC attorney at the General Municipal Law § 50-h hearing, and defendants' joint participation in the litigation for years before moving to dismiss for failure to serve a notice of claim on the proper party does not give rise to an estoppel claim *(see, Matter of Rieara v City of N. Y. Dept. of Parks & Recreation,* 156 AD2d 206, 207). Further, "[T]he mere fact" that both the City and HHC are represented by the Corporation Counsel "does not provide the necessary nexus to equate service of a notice of claim on one with service on the other" *(Ceely v New York City Health & Hosps. Corp., supra,* at 493). This is not altered by the fact noted above that the City conducted a hearing pursuant to General Municipal Law § 50-h *(supra),* at which plaintiff was examined by an HHC attorney *(Adams v New York City Tr. Auth.,* 140 AD2d 572). Nor does General Municipal Law § 50-e (3) (c) avail plaintiff. "While a municipal corporation may, by its conduct, waive an irregularity in the notice of claim, the requirements as to the manner or time of service may not be so waived" *(Adams v New York City Tr. Auth., supra,* at 573). Failure to serve a necessary party is not a mere irregularity.

In any event, the failure to diagnose a medical condition does not constitute continuous treatment *(see, McDermott v Torre,* 56 NY2d 399). Concur—Rosenberger, J. P., Kupferman, Asch and Tom, JJ.