■ CORA OXLEY, as Executor of LOUISA JONES, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [658 NYS2d 697] —In a medical malpractice action to recover damages for personal injuries and wrongful death, the plaintiff, Cora Oxley, as executor of the estate of Louisa Jones, appeals (1) from an order of the Supreme Court, Kings County (Scholnick, J.), dated April 3, 1995, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and denied the plaintiff's motion to amend the complaint to add the New York City Health and Hospitals Corporation as a defendant, and (2) as limited by her brief, from so much of an order of the same court, dated June 25, 1996, as, upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated April 3, 1995, is dismissed, as that order was superseded by the order dated June 25, 1996, made upon reargument and renewal; and it is further,

Ordered that the order dated June 25, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent City of New York is awarded one bill of costs.

No jurisdiction was obtained over the New York City Health and Hospitals Corporation (hereinafter NYCHHC) by service of a summons and complaint upon the Corporation Counsel of

the City of New York *(see, Binyard v City of New York,* 151 AD2d 712; *Henderson v City of New York,* 143 AD2d 884). In addition, service of a notice of claim on the defendant City of New York did not suffice as service of the notice of claim on NYCHHC *(see, Badgett v New York City Health & Hosps. Corp.,* 227 AD2d 127; *Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492).

Since NYCHHC was never made a party to this action, and as the Statute of Limitations has run, the Court is without power to amend the complaint to revive the claims sought to be asserted against NYCHHC *(see, Leventhal v Health & Hosps. Corp.,* 108 AD2d 730). There is no merit to the plaintiff's contention that the defendants should be estopped from asserting that the claims cannot be maintained against NYCHHC. There was no conduct by the defendant City, or by NYCHHC, to warrant the application of the estoppel doctrine in this case *(see, Kroin v City of New York,* 210 AD2d 95; *Campbell v City of New York,* 203 AD2d 504; *Rodriguez v City of New York,* 169 AD2d 532; *Henderson v City of New York, supra).* Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.