■ OLLIE STALLWORTH, as Administrator of the Estate of GEORGE STALLWORTH, Deceased, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [663 NYS2d 287] —In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Bellard, J.), entered October 7, 1996, which granted the defendant's motion to dismiss the complaint for failure to serve a timely notice of claim.

Ordered that the order is affirmed, with costs.

Service of a notice of claim pursuant to General Municipal Law § 50-e and McKinney's Unconsolidated Laws of NY § 7401 is a condition precedent to a lawsuit against a municipal corporation, in the same way as is service of a summons on the municipal corporation (*see, Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 61; *Barchet v New York City Tr. Auth.,* 20 NY2d 1, 6). Service of the notice of claim on the Comptroller of the City of New York is insufficient to constitute service on the defen-

dant New York City Health and Hospitals Corporation (hereinafter NYCHHC), the proper party to be served (see, *Kroin v City of New York,* 210 AD2d 95; *Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492; *Campbell v City of New York,* 203 AD2d 504). The lack of service here was not cured by the participation of NYCHHC in the General Municipal Law § 50-h hearing or by the provisions of General Municipal Law § 50-e (3) (c) (see, *Kroin v City of New York, supra,* at 96; *Ceely v New York City Health & Hosps. Corp., supra,* at 493). Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.