■ LUIS ROBLES et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. (Action No. 1.) LUIS ROBLES et al., Appellants, v GEORGE VARUGHESE et al., Respondents. (Action No. 2.) [674 NYS2d 422] —In related actions to recover damages for medical malpractice, etc., the plaintiffs in both actions, Luis Robles and Blanca Robles, appeal from an order of the Supreme Court, Kings County (Patterson, J.), entered May 15, 1997, which, *inter alia,* (1) granted the motion of the defendants in Action No. 1, City of New York, New York Health and Hospitals Corporation, and Solange Macarthur for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them, and (2) granted the respective motions of the defendants in Action No. 2, George Varughese and William Carmen Cirocco, pursuant to CPLR 3211 to dismiss the complaint in Action No. 2 insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs seek to recover damages for personal injuries allegedly suffered by Luis Robles as the result of negligent medical treatment rendered at East New York Diagnostic and Treatment Center and Kings County Hospital Center, both of which are operated by the defendant New York City Health and Hospitals Corporation (hereinafter HHC). In August 1994 the plaintiffs served a notice of claim, purporting to assert a claim against the City of New York and HHC, by delivering it to the New York City Comptroller's office and the Corporation Counsel's office. As found by the Supreme Court, such service was ineffective with respect to HHC (*see,* McKinney's Uncons Laws of NY § 7401; General Municipal Law § 50-e; *Stallworth v New York City Health & Hosps. Corp.,* 243 AD2d 704; *Badgett v New York City Health & Hosps. Corp.,* 227 AD2d 127; *Kroin v City of New York,* 210 AD2d 95; *Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492).

The lack of service upon HHC was not cured by its participation in the hearing pursuant to General Municipal Law § 50-h nor by the provision of General Municipal Law § 50-e (3) (c) (*see, Kroin v City of New York, supra,* at 96; *Ceely v New York City Health & Hosps. Corp., supra,* at 493).

The plaintiffs' remaining contentions are without merit. Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.