OPINION OF THE COURT
David Friedman, J.
The issue presented by the instant motion concerns who is to be served with a notice of claim in a wrongful death action against the New York City Health and Hospitals Corporation (HHC). Resolution of the issue requires consideration of the interrelationship between section 7401 (2) of McKinney’s Unconsolidated Laws of NY (New York City Health and Hospitals Corporation Act [HHCA] § 20 [2] [L 1969, ch 1016, § 1, as amended by L 1990, ch 804, § 122]), sections 2980 and 2981 of the Public Authorities Law, and section 50-e (3) (a) of the General Municipal Law. In my view, notwithstanding amendments adopted by the Legislature in 1990, which created some ambiguity in the statutory scheme, the operative requirement continues to be that the notice of claim be served on a director or officer of HHC.
This wrongful death action has its genesis in the allegedly negligent medical care rendered to decedent, Paula Timmins, at Coney Island Hospital from October 29, 1995 through November 16, 1995, the date that decedent expired. On December 12, 1995, the proposed administrator of decedent’s estate (plaintiff herein) timely served a notice of claim on the Corporation Counsel. This notice named the City of New York and HHC. It is uncontroverted, however, that a director or officer of HHC was never served with a notice of claim. Thereafter, this action was commenced. HHC now moves for an order dismissing the action against it on the ground that service of the notice of claim upon the Corporation Counsel does not comply with statutory requirements.
Prior to 1990, section 7401 (2) of McKinney’s Unconsolidated Laws of NY (HHCA § 20 [2] [L 1969, ch 1016, § 1, as amended by L 1973, ch 877, § 1) provided as follows: “An action against [HHC] * * * for personal injuries or death * * * shall not be commenced more than one year and ninety days after the cause of action thereof shall have accrued, nor unless a notice of intention to commence such action * * * shall have been filed with a director or officer of [HHC] within ninety days after such cause of action shall have accrued. All the provisions of *847 section fifty-e of the general municipal law shall apply to such notice”. Thus the explicit terms of the statute made clear that a notice of claim must be served on a director or officer of HHC.
Subsequently, for reasons which are discussed infra, section 7401 (2) was amended by Laws of 1990 (ch 804, § 122) to read as follows: “Except in an action for wrongful death, an action against [HHC] * * * for personal injuries * * * shall not be commenced more than one year and ninety days after the cause of action thereof shall have accrued, nor unless a notice of intention to commence such action * * * shall have been filed with a director or officer of [HHC] within ninety days after such cause of action shall have accrued. All the provisions of section fifty-e of the general municipal law shall apply to such notice * * * An action against [HHC] for wrongful death shall be commenced in accordance with the notice of claim and time limitation provisions of title eleven of article nine of the public authorities law” (emphasis added).
The statute as amended, therefore, requires that someone seeking to commence a wrongful death action turn for guidance to title 11 of article 9 of the Public Authorities Law. As to service of a notice of claim, Public Authorities Law § 2980 as adopted in 1990 (L 1990, ch 804, § 1) provides that “[n]o wrongful death action against a public authority or public benefit corporation shall be commenced unless a notice of claim has been served on the authority or corporation in accordance with the provisions of section fifty-e of the general municipal law.” Concerning the limitations period for a wrongful death action Public Authorities Law § 2981 provides that “[a] wrongful death action against a public authority or public benefit corporation shall be commenced within two years of the happening of the death.” General Municipal Law § 50-e (3) (a) in turn authorizes service of a notice of claim upon an “attorney regularly engaged in representing such public corporation” which here would be the Corporation Counsel.
Based upon this juxtaposition of Public Authorities Law § 2980 and General Municipal Law § 50-e (3) (a), plaintiff argues that, in a wrongful death action (as opposed to an action for personal injuries), when proceeding against HHC service upon the Corporation Counsel is authorized. HHC, pointing to Stallworth v New York City Health & Hosps. Corp. (243 AD2d 704), Oxley v City of New York (240 AD2d 643), Kroin v City of New York (210 AD2d 95), and Ceely v New York City Health & Hosps. Corp. (162 AD2d 492), asserts that the notice of claim may only be served upon a director or officer of HHC. These cases, while appearing determinative, upon close *848 scrutiny are not. However, careful consideration of section 7401 (2) of McKinney’s Unconsolidated Laws of NY together with the statute’s legislative history compels the conclusion that service of a notice of claim upon the Corporation Counsel is not authorized.
The impetus for the 1990 amendment of section 7401 (2) of McKinney’s Unconsolidated Laws of NY was judicial criticism expressed in Melendez v Manhattan & Bronx Surface Tr. Operating Auth. (137 AD2d 390). Melendez called the attention of the Law Revision Commission to the unreasoned disparity of the Statutes of Limitations for wrongful death actions between various public authorities and municipalities. Stated otherwise, the limitations period varied depending upon which public authority or municipality was held responsible for the death. As a result of Melendez’ criticism a study was undertaken by the Law Revision Commission which culminated in a legislative package making uniform the time in which to commence a wrongful death action against a public authority or municipality (see, Mem of Law Revision Commn, June 29, 1990 letter by G. Oliver Koppell, Bill Jacket, L 1990, ch 804). What emerged from the package was an amended section 7401 (2) and newly enacted sections 2980 and 2981 of the Public Authorities Law. These provided for wrongful death actions to be uniformly commenced within two years of death and for the notice of claim to be served on the public authority or public benefit corporation in accordance with General Municipal Law § 50-e. The last provision generates this motion since it raises the issue of whether section 50-e (3) (a) now governs who is to be served with the notice of claim in a wrongful death action against HHC. PlaintiiFs position must of course be that this is exactly what was intended by the Legislature in 1990. In my view, the legislative history of the 1990 amendments precludes such an interpretation.
The approach advocated by plaintiff would attribute an absurd intent to the Legislature. In this regard, under the plaintiff’s approach there would be two separate schemes governing who should be served with a notice of claim interposed against HHC — one governing personal injury actions and one governing wrongful death actions. Such an inherently contradictory outcome could not have been what the Legislature intended by its 1990 enactments (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 145; H & J Floor Covering v Board of Educ., 66 AD2d 588, 602).
When viewed against this backdrop it becomes clear that the 1990 amendment to section 7401 (2) and the changes to the *849 Public Authorities Law did not alter the requirement that a notice of claim be served on a director or officer of the corporation. Rather, section 7401 (2), as amended, merely exempts wrongful death actions from the one-year and 90-day Statute of Limitations provided for personal injury actions. No other construction is consistent with logic, policy, or historical analysis of the relevant statutes.
Further support for this conclusion is found in subdivision (1) of section 7401. This provision was not amended by the Laws of 1990 and remains applicable to wrongful death actions commenced against HHC. Such section provides that “the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which [the] action is founded were presented to a director or officer of the corporation and that the corporation has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment” (HHCA § 20 [1]; emphasis added). The reference in this subdivision to a claim having been “presented” obviously refers to the notice of claim (cf., General Municipal Law § 50-i [1]; Davidson v Bronx Mun. Hosp., 64 NY2d 59).
In the same vein close examination of those portions of section 7401 (2) that were not amended in 1990 also supports the foregoing conclusion. As previously indicated section 7401 (2) provides that in a personal injury action a notice of claim “shall have been filed with a director or officer of [HHC]”. The very next sentence states that “[a] 11 the provisions of section fifty-e of the general municipal law shall apply to such notice.” It is self-evident that this reference to section 50-e was not inserted to expand the list of persons who could be served with a notice of claim so to include an attorney regularly engaged to represent HHC (cf, General Municipal Law § 50-e [3] [a]). This is necessarily so because to construe the statute otherwise would have the effect of nullifying the explicit requirement that service be made upon a director or officer (see, Robles v City of New York, 251 AD2d 485). The reference to section 50-e, therefore, must have been intended to incorporate the portions of the statute dealing with the form and content of the notice of claim and standards for overlooking irregularities in the notice. Similarly, when section 2980 of the Public Authorities Law speaks of a notice of claim being served in a wrongful death action in accordance with section 50-e, it does not incorporate that section’s list of persons who are eligible to be served with a notice of claim.
In regard to the cases cited by HHC, Ceely v New York City Health & Hosps. Corp. (supra), Oxley v City of New York *850 (supra) and Kroin v City of New York (supra) do not address the issue presented here. In Ceely, the Court held that service of a notice of claim naming only the City of New York and served only upon the City of New York was ineffective as to HHC. Similarly, in Oxley and Kroin,[1] the notice of claim was deficient in that it did not name HHC and was served only upon the City of New York. Thus, Ceely, Oxley and Kroin stand for the proposition that the notice of claim must name the entity against which a claim is alleged. Finally, Stallworth v New York City Health & Hosps. Corp. (supra), while pointing out that service of a notice of claim on HHC must comply with section 7401, only addressed the issue of whether service could be made upon the Comptroller and concluded it could not. Accordingly, while on the whole these cases are supportive of HHC’s position, they do not discuss the subject of whether, in a wrongful death action, a notice of claim against HHC must be served on one of its directors or officers.[2]
In conclusion plaintiff failed to serve the notice of claim on a director or officer of HHC. He has also failed to establish that HHC waived this failure or that it should be estopped from asserting the failure. It follows that the motion to dismiss by HHC must be granted.

. In Kroin (supra), the Court seemingly held that a notice of claim for an action against HHC cannot properly be served upon the Corporation Counsel. Examination of the record on appeal, however, reveals that the notice of claim in Kroin did not name HHC at all. Hence, the precise issue presented here was not before the Court.

. In Cullins v Feffer (NYLJ, Sept. 23, 1993, at 25, col 6 [Sup Ct, Kings County], affd 220 AD2d 554) the court held that a notice of claim for an action against HHC could not be served on the Corporation Counsel. The notice of claim served there, however, predated the 1990 amendment of section 7401 (2).