OPINION OF THE COURT
Lucindo Suarez, J.
Defendant City of New York’s motion, reassigned from *959 Justice McKeon on August 4, 1997, to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action as against all municipal defendants for dental malpractice arising out of the care and treatment of plaintiff at the Segundo Ruiz Belvis Neighborhood Family Care Center is decided as follows.
The issue in this motion to dismiss the complaint for failure to serve a notice of claim on the New York City Health and Hospitals Corporation (HHC) by delivery to a director or officer as required by section 7401 of McKinney’s Unconsolidated Laws of NY (New York City Health and Hospitals Corporation Act [Act] § 20)[1] is whether service is nevertheless effective by delivery to the office of the New York City Corporation Counsel in its capacity as an attorney regularly engaged in representing such public corporation pursuant to section 50-e (3) (a) of the General Municipal Law that apparently sets forth an alternative means of service authorized by the Legislature, invoked by the plaintiff, but never comprehensively construed by the judiciary.
This court holds that an appropriately captioned notice of claim served on HHC by delivery to the office of the Corporation Counsel in its capacity as an attorney regularly engaged in representing such public corporation is an effective alternative statutory means of service upon the public corporation authorized by the Legislature.
On October 5 and 6, 1994 plaintiff delivered the notice of claim, in this dental malpractice action, to the office of the Corporation Counsel and the office of the New York City Comptroller, respectively, as confirmed by the imprint receipt stamps on plaintiff’s service copy. The captioned defendants in the notice of claim were, inter alia, HHC and the City of New York.[2]
The City of New York, by its attorney the Corporation Counsel, moves to dismiss the complaint against it alleging that the City is not a proper party in a dental malpractice action. In addition, the Corporation Counsel on behalf of HHC moves to dismiss the complaint against it on the ground that no authorized representative on its behalf was served with the notice of claim pursuant to section 50-e of the General Munici *960 pal Law and section 7401 (2) of McKinney’s Unconsolidated Laws of NY.
Plaintiff argues that HHC was properly served with the notice of claim as same was delivered upon the office of the Corporation Counsel in its capacity as an attorney regularly engaged in representing HHC pursuant to section 50-e (3) (a) of the General Municipal Law, and that the City of New York was also properly served by delivery of the notice of claim upon the office of the New York City Comptroller.
General Municipal Law § 50-e (1) (a) sets forth the requirements of when, the time, and upon whom the service of a notice of claim is required upon a public corporation.[3] “In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation * * * the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises.”
Although the caption of General Municipal Law § 50-e (1) reads “When service required; time for service; upon whom service required” (emphasis added), it does not specifically set forth the person, representative, office, entity or otherwise, upon whom service by delivery of the notice of claim is required to be made. However, reference to whom service by delivery of a notice of claim is required is contained in General Municipal Law § 50-e (3) (a).
General Municipal Law § 50-e (3) (a) sets forth two methods of how service of a notice of claim is effected: by personal delivery or mail (registered or certified); and two classes of persons upon whom service by delivery of the notice of claim is accomplished: a person designated by law, or an attorney regularly engaged in representing such public corporation: “The notice shall be served on the public corporation against which the claim is made by delivering a copy thereof personally, or by registered or certified mail, to the person designated by law as one to whom a summons in an action in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation.” (Emphasis added.)
*961 The person designated by law to receive the notice of claim, on behalf of the City of New York, is the Corporation Counsel, or his designee (CPLR 311 [a] [2]),[4] or the New York City Comptroller (Administrative Code of City of NY § 7-201).[5] The person, designated by law to receive the notice of claim on behalf of HHC is set forth in section 7401 (2) of McKinney’s Unconsolidated Laws of NY which provides when and upon whom, but not how, a notice of intention to commence an action (a notice of claim) is served upon HHC: “An action against the corporation * * * shall not be commenced more than one year and ninety days after the cause of action * * * shall have accrued, nor unless a notice of intention to commence such action * * * shall have been filed with a director or officer of the corporation within ninety days after such cause of action shall have accrued. All the provisions of section fifty-e of the general municipal law shall apply to such notice.” (Emphasis added.) The manner of how a notice of claim is filed with a director or officer of the corporation, by personal delivery or mail, is incorporated into section 7401 (2) of McKinney’s Unconsolidated Laws of NY by reference to General Municipal Law § 50-e (3) (a). Also incorporated by reference is an alternative class of persons designated by law to receive service by delivery of the notice of claim on behalf of HHC: attorneys regularly engaged in representing such corporation.
Defendants rely on Bloom v Town Bd. (80 AD2d 823 [2d Dept 1981], appeal dismissed 53 NY2d 938 [1981]) for their contention that section 7401 (2) of McKinney’s Unconsolidated Laws of NY, a specific statute, controls over General Municipal Law § 50-e, a statute of general application, as section 7401 (2) of McKinney’s Unconsolidated Laws of NY explicitly provides upon whom the notice of intention to commence the tort action shall be filed: a director or officer of the public corporation. However, section 7401 (2) of McKin *962 ney’s Unconsolidated Laws of NY does not provide how — that is by what methods — the notice of claim is to be delivered upon a director or officer of the public corporation. The method of how service is to be effected must be referenced to General Municipal Law § 50-e (3) (a), which provides the two methods of service upon the public corporation: personal delivery or mail. Contrary to defendants’ contention, it is General Municipal Law § 50-e, rather than section 7401 (2) of McKinney’s Unconsolidated Laws of NY, that sets forth the particulars regarding the service of the notice of claim. The General Municipal Law provides when, the time, and upon whom service of the notice of claim is required (General Municipal Law § 50-e [1] [a]), the form and the contents of the notice of claim (General Municipal Law § 50-e [2]), and, of importance to the case at bar, how the notice of claim is to be served (General Municipal Law § 50-e [3] [a]). Moreover, immediately after setting forth upon whom a notice of claim is to be filed, section 7401 (2) of McKinney’s Unconsolidated Laws of NY states that: “All the provisions of section fifty-e of the general municipal law shall apply to such notice.” (Emphasis added.) The statute is clear and unambiguous. It inclusively provides that “All the provisions” (emphasis added) of General Municipal Law § 50-e shall apply to the notice of claim, whether they be provisions of when, the time or upon whom the notice shall be served, the form or content of the notice, or the manner of service. This court does not find the provisions of General Municipal Law § 50-e (3) and section 7401 (2) of McKinney’s Unconsolidated Laws of NY to be irreconcilable, in conflict or contradictory, but complementary. Therefore, the rule of statutory construction that where two statutory sections are in conflict the specific law prevails over the general one (McKinney’s Cons Laws of NY, Book 1, Statutes § 397) is inapplicable to the case at bar. Accordingly, this court finds no inconsistency between General Municipal Law § 50-e (3) and section 7401 (2) of McKinney’s Unconsolidated Laws of NY.
Defendants’ reliance on Timmins v Beth Israel Med. Ctr.— Kings Highway Div. (177 Misc 2d 845 [Sup Ct, Kings County 1998]), which analyzed the interrelationship between General Municipal Law § 50-e (3) (a) and section 7401 (2) of McKinney’s Unconsolidated Laws of NY, with Public Authorities Law §§ 2980 and 2981, in the context of the limitations period of a wrongful death action, is equally misplaced. Timmins held that a notice of claim must be served on a director or officer of HHC pursuant to section 7401 (2) of McKinney’s Unconsoli *963 dated Laws of NY as supported by the legislative history, and therefore service of the notice of claim upon the Corporation Counsel is invalid. The manner in which the Timmins court poses and answers its own question that it is a director or officer of HHC who must be served with a notice of claim in a wrongful death action leads to confusion. It is not a director or officer of HHC who must be served with a notice of claim, but HHC by delivery to a director or officer, or to an attorney regularly engaged in representing such public corporation. The captioned defendant is the proper person or entity to be served, by delivery to its designee. It is the public corporation that is served when the notice of claim is delivered to a director or officer of the public corporation, or the office of the Corporation Counsel. This analysis is similar to service upon a natural person when the process is tendered to a person of suitable age and discretion (see, CPLR 308 [2]), or service upon a governmental subdivision where service upon the City of New York is effected by delivery to the Corporation Counsel or his designee (see, CPLR 311). The entity that is served, the captioned defendant, is not the same as the person upon whom process is delivered. The essential question is not who must be served with a notice of claim, since it is always the public corporation, but how the public corporation is to be served. As discussed supra, General Municipal Law § 50-e (3) (a) provides for two methods of service of the notice of claim upon the public corporation. Therefore, any analysis of how a notice of claim is served upon the public corporation must begin with General Municipal Law § 50-e, and not section 7401 (2) of McKinney’s Unconsolidated Laws of NY. Indeed, even Public Authorities Law § 2980 requires service of a notice of claim pursuant to the provisions of General Municipal Law § 50-e. In addition, Timmins’ discussion of the legislative history relative to time limitations does not change the result of how and upon whom the notice of claim is to be served. Furthermore, the Legislature, in spite of statutory amendments to these sections, chose not to amend or modify the language of “an attorney regularly engaged in representing such public corporation”.
This court finds nothing to prohibit the application of the statute as written. Indeed, the Court of Appeals stated in Bender v Jamaica Hosp. (40 NY2d 560, 561-562 [1976]) that: “[w]here the statute is clear and unambiguous on its face, the legislation must be interpreted as it exists (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76; New Amsterdam Cas. Co. v Stecker, 3 NY2d 1; Meltzer v Koenigsberg, 302 NY 523). Absent *964 ambiguity the courts may not resort to rules of construction to broaden the scope and application of a statute (New Amsterdam Cas. Co. v Stecker, supra; Matter of Patrolmen’s Benevolent Assn. of City of Buffalo v City of Buffalo, 50 AD2d 101) and must apply the plain import of the statute (Matter of Trustees of N. Y. & Brooklyn Bridge, 72 NY 527) * * * The courts are not free to legislate and if any unsought consequences result, the Legislature is best suited to evaluate and resolve them (Bright Homes v Wright, 8 NY2d 157).”
Defendants further argue that even if the provisions of General Municipal Law § 50-e (3) (a) were to apply, it cannot be determined that the office of the Corporation Counsel is an attorney regularly engaged in representing HHC, as private attorneys also represent HHC. However, defendants do not dispute, in their submissions or in oral argument, that the Corporation Counsel is an attorney regularly engaged in representing HHC. It is beyond cavil that the Corporation Counsel routinely represents HHC in hundreds, and perhaps thousands, of medical malpractice actions every year, and has done so for many years. Consequently, the contention that the Corporation Counsel is not the only attorney representing HHC does not negate the fact that because of the enormous number of cases in which the Corporation Counsel does appear on behalf of HHC, the Corporation Counsel can be objectively and reasonably regarded as an attorney regularly engaged in representing HHC, and this court takes judicial notice of same. (See, Land v City of New York, 145 Misc 2d 140 [Sup Ct, Kings County 1989].) See also Tacinelli v Liberty Lines (123 AD2d 756 [2d Dept 1986]) where the Second Department affirmed service by mail of the notice of claim on behalf of the county, sent to the bus company under contract with the county, and handled by an attorney who was regularly engaged in representing the county in actions arising from accidents occurring on these buses.
See also Matter of Darmstedter v Buffalo Sewer Auth. (96 AD2d 1148 [4th Dept 1983]), where the notice of claim was served upon the Corporation Counsel of the City of Buffalo who communicated to petitioner’s attorney that the Buffalo Sewer Authority might be involved in the claim. The trial court denied petitioner’s attorney’s motion to be allowed to serve a late notice of claim upon the Buffalo Sewer Authority, which was reversed by the Fourth Department. The Court stated that: “[General Municipal Law § 50-e (3) (a)] provides that service of *965 a notice of claim may be made upon an attorney regularly engaged in representing a public corporation. The Corporation Counsel of the city is the attorney regularly engaged in representing the sewer authority (Public Authorities Law, § 1177). That attorney was apprised of the essential facts constituting the claim by the notices timely filed by both claimants. While it is true that because of the diversity in the operation of a large city government notice to one department cannot usually be fairly considered notice to another (Tarquinio v City of New York, 84 AD2d 265, 270), it does not seem unreasonable to conclude that under the circumstances of this case, the sewer authority’s attorney acquired actual knowledge of the essential facts constituting the claim within a reasonable time after the incident, as contemplated by the statute [General Municipal Law § 50-e (5)]. We find no showing of prejudice * * * a serious injury should not be forfeited for failure to give notice where the basic purpose of the statute is not offended and where no substantial prejudice exists (Matter of Ziecker v Town of Orchard Park, 70 AD2d 422, 427-428, affd 51 NY2d 957).” (Matter of Darmstedter v Buffalo Sewer Auth., 96 AD2d, at 1148-1149.)
Although the Court in Darmstedter (supra) found authority for service upon the public corporation by delivery to the Buffalo Corporation Counsel, it did so under the circumstances of the case where there was no finding of prejudice. In the instant case there is no claimed prejudice, and this court finds there is no statutory need for such a finding for the provisions of General Municipal Law § 50-e (3) (a) to apply.
Defendants further contend that service of the notice of claim upon HHC by delivery to the Corporation Counsel is not effective because the Corporation Counsel has never represented itself to others, taken the position, or accepted delivery of a notice of claim in the capacity as an attorney regularly engaged in representing HHC. This court will not allow the Corporation Counsel’s failure to implement a practice, policy or procedure to be the basis to avoid or exempt itself from statutory authorized process. To do so would effectively provide the Corporation Counsel with veto power over legislation.
Defendants also argue that the language of the provision is vague and therefore difficult to implement. These and similar arguments were raised by the City of New York in its failed attempt to defeat the amendments to General Municipal Law *966 § 50-e in 1976 more than 20 years ago.[6] Similar concerns were expressed by the New York State Dormitory Authority,[7] the New York State Association of Counties,[8] the New York State Association of Towns,[9] and the law firm of Kornfeld, Rew, New *967 man & Ellsworth.[10] However, the New York State Assembly’s sponsor’s memorandum in support of the Act to amend the legislation clearly stated that “Service could also be made upon an attorney regularly engaged in representing such public corporations.”[11]
In addition, defendants’ implication that plaintiff served the City of New York twice at two different places is untenable, especially, where, as here, the caption of the notice of claim *968 contains two distinct public corporations.[12] Multiple service of a notice of claim upon a single public corporation is not required, as it was before the enactment of General Municipal Law § 50-e in 1945, where certain public corporations required dual and triple service of the notice of claim. (See generally, 10th Ann Report of NY Jud Council, at 270, 274, 275 [1944]; Ferrara v City of New York, 187 Misc 478 [NY City Ct, Bronx County 1946].) Indeed, General Municipal Law § 50-e (4) provides that: “No other or further notice, no other or further service, filing or delivery of the notice of claim, and no notice of intention to commence an action or special proceeding, shall be required as a condition to the commencement of an action or special proceeding for the enforcement of the claim.”
Defendants also rely on Robles v City of New York (251 AD2d 485 [2d Dept 1998], lv granted 93 NY2d 802 [1999]), where the Second Department held that service of a notice of claim delivered to the City of New York and the Corporation Counsel was ineffective as to HHC. The Second Department cited General Municipal Law § 50-e, section 7401 (2) of McKinney’s Unconsolidated Laws of NY, and the following cases without reference, discussion, or analysis concerning the language of “an attorney regularly engaged in representing such public corporation”: Stallworth v New York City Health & Hosps. Corp. (243 AD2d 704 [2d Dept 1997]); Badgett v New York City Health & Hosps. Corp. (227 AD2d 127 [1st Dept 1996]); Kroin v City of New York (210 AD2d 95 [1st Dept 1994]); and Ceely v New York City Health & Hosps. Corp. (162 AD2d 492 [2d Dept 1990]).
In Stallworth (supra), the Court held that service of the notice of claim on the Comptroller was invalid as to HHC.
In Badgett (supra), the Court held that service of a notice of claim upon the City of New York, rather than upon HHC, did not constitute compliance with the notice of claim requirements for service upon HHC.
In Kroin (supra), the notice of claim, as revealed from the court file, named only the City of New York as a defendant and was delivered to the Comptroller’s office. After the action was commenced against the City of New York and HHC, defendants moved to dismiss the complaint for failure to serve a notice of *969 claim upon HHC. The First Department held, citing Ceely (supra), that “ ‘[T]he mere fact’ that both the City and HHC are represented by the Corporation Counsel ‘does not provide the necessary nexus to equate service of a notice of claim on one with service on the other’ ” (Kroin v City of New York, 210 AD2d, at 96).
In Ceely (supra), the notice of claim, as also revealed by the court file, named only the City of New York as a defendant and was delivered to the office of the Comptroller. The Second Department held that “the mere fact that the Corporation Counsel represents both the City of New York and the defendant NYCHHC does not provide the necessary nexus to equate service of a notice of claim on one with service on the other [citations omitted]. Moreover, this conclusion is not altered by the fact that the city conducted a hearing pursuant to General Municipal Law § 50-h and obtained medical authorizations from the plaintiff’ (Ceely v New York City Health & Hosps. Corp., 162 AD2d, at 493).
Unlike plaintiffs in Stallworth, Badgett, Kroin and Ceeley (supra), the plaintiff in Robles (supra) and the plaintiff herein named HHC as an additional captioned defendant in the notice of claim and delivered it to both the Corporation Counsel and the Comptroller. However, the Second Department in Robles did not address, discuss or analyze the statutory language of “an attorney regularly engaged in representing such public corporation” contained in General Municipal Law § 50-e (3) (a). This court does, and holds that there is a statutory basis for the service of a notice of claim upon HHC by delivery to the office of the Corporation Counsel.
This court has considered defendants’ additional arguments and finds them without merit.
For the foregoing reasons, the branch of defendants’ motion that seeks to dismiss the complaint against the Health and Hospitals Corporation is denied, and the branch that seeks to dismiss the complaint as against the City of New York as an improper party is granted as the Health and Hospitals Corporation is a public benefit corporation independent of the City of New York. (See, Bender v Jamaica Hosp., 40 NY2d 560 [1976], supra; Brennan v City of New York, 59 NY2d 791 [1983]; Binyard v City of New York, 151 AD2d 712 [2d Dept 1989]; Spiegler v City of New York, 99 AD2d 958 [1st Dept 1984]; Brann v City of New York, 100 AD2d 504 [2d Dept 1984]; Gold v City of New York, 80 AD2d 138 [1st Dept 1981].) Therefore it is ordered that plaintiff’s notice of claim served upon the Health *970 and Hospitals Corporation by delivery to the office of the Corporation Counsel is valid; and it is further ordered that the complaint is dismissed as against the City of New York.

. The New York City Health and Hospitals Corporation Act (L 1969, ch 1016, § 1, as amended) is codified in sections 7381 through 7406 of title 18, chapter 5 of McKinney’s Unconsolidated Laws of NY.

. The captioned defendants are the City of New York, the New York City Health and Hospitals Corporation, Segundo Ruiz Belvis Neighborhood Family Care Center, and Elizabeth McGee, D.D.S.

. The City of New York is a municipal corporation (General Construction Law § 66 [2]), and therefore a public corporation (General Construction Law § 66 [1]). The New York City Health and Hospitals Corporation is a public benefit corporation (McKinney’s Uncons Laws of NY § 7384 [1] [Act § 4 (1)]), and therefore a public corporation (General Construction Law § 66 [1]).

. In addition to service upon the Corporation Counsel, the statute provides for service upon “any person designated to receive process in a writing filed in the office of the clerk of New York county.” (CPLR 311 [a] [2].) The Corporation Counsel annually files with the New York County Clerk’s office a list of individuals designated to accept service on behalf of the City of New York. These individuals are apparently the clerical or administrative workers at the Corporation Counsel’s office.

. Although Administrative Code § 7-201 does not use the phrase “notice of claim” it requires that in every action against the City, the complaint or moving papers allege that 30 days “have elapsed since the demand, claim or claims * * * were presented to the comptroller” (Administrative Code § 7-201 [a] [emphasis added]). This section is the basis for the service of notices of claim with the City.

. The Mayor’s letter to the Governor recommending disapproval of the bill stated that:
“Such an amendment would place an unreasonable burden upon the Office of the Corporation Counsel and may provide an inordinate amount of difficulty and confusion for potential plaintiffs and their attorneys * * * To allow the notice of claim to be served upon the Corporation Counsel, as this bill provides, rather than upon the separate entity, would delay investigation and require a re-routing of the notice of claim by the Office of the Corporation Counsel, with the notice to be eventually received by the proper office * * *
“Further, the language of this amendment is somewhat imprecise. While the Corporation Counsel is ‘regularly engaged in representing” the Off-Track Betting Corporation in certain matters, he does not ordinarily represent said corporation in tort matters * * * This amendment would unnecessarily create endless confusion, while present established procedures are reasonably clear and readily ascertainable * * *
“It is unfair to place the public corporation in a judicial role in determining the adequacy of service of a notice of claim at a very early date and then place the burden upon such a corporation to then act as legal advisors to those making claims against it, and further to penalize the public corporation if it does not make an immediate and accurate determination of adequacy of manner of service.” (Letter of NY City Mayor, June 3, 1976, Bill Jacket, L 1976, ch 745.)

. The New York State Dormitory Authority expressed its opposition to the bill stating that:
“In relation to this specific amendment difficulties could arise as the Authority regularly is represented in various actions by many different attorneys across the State of New York. This is a rather vague and undefined test and given the varied nature of matters handled by these attorneys, problems could result in obtaining proper and timely notice to the Authority * * *
“The reference to service on an attorney regularly engaged in representing the Authority could present difficulties to the Authority in properly protecting its interests and therefore the Authority is not in a position to recommend executive approval of this bill.” (Letter of NY State Dormitory Auth, May 27, 1976, Bill Jacket, L 1976, ch 745.)

. The New York State Association of Counties stated that “The bill also permits service by mail of a claim against a public corporation addressed to an attorney ‘regularly engaged in representing such public corporation.’ No definition of such representation is contained in the bill leaving doubt as to what attorney may be so served.” (Letter of Executive Director of NY State Assn of Counties, May 26, 1976, Bill Jacket, L 1976, ch 745.) This court submits that the Executive Director’s interpretation is erroneous as to the provision allowing mailing as a means of service of the notice of claim to an attorney regularly engaged by such public corporation.

. The New York State Association of Towns stated that:
*967 “Service of notice of claim by certified mail is not objectionable. However, service by delivery to an attorney ‘regularly engaged in representing the public corporation’ presentís] a very serious problem.
“This phrase is obviously intended to describe an attorney who is not an officer or employee of the public corporation, but one who is retained from time to time to render legal services. Some local governments, and particularly some towns, have not established the office of town attorney but retain different attorneys for special service as the need arises. Even a town having a town attorney often retains other attorneys to render professional services in particular matters. The same attorney is not necessarily so retained each time. There are special attorneys or counsel employed for planning boards, [and] for zoning boards of appeals. In towns in which the town board is the governing body of a special or improvement district, the town board retains an attorney to perform legal services for it on behalf of such district. All of the foregoing attorneys could be considered as ‘regularly engaged’ in representing the town. This provision would create extreme difficulties, not only for the claimant, but also for the town if service were to be permitted upon any of these attorneys, who would have no obligation to inform the town of the notice of claim.
“The word ‘representing[1] in the phrase ‘regularly engaged in representing[1] could furthermore be construed to mean representation in any matter. For example, bond counsel retained by a public corporation could be considered an attorney ‘regularly engaged in representing[1] the public corporation with respect to its public offerings of bonds and notes.
“In our view, therefore, the foregoing proposed amendment would be unworkable.” (Letter of NY State Assn of Towns, June 4, 1976, Bill Jacket, L 1976, ch 745.)

. The law firm of Komfeld, Rew, Newman & Ellsworth, on behalf of the Fire Districts of the State of New York, stated that “The wording here is so vague as to make it almost impossible to define what is meant by ‘regularly engaged’. Section 176 of the Town Law, Subdivision 17, permits commissioners to employ an attorney to counsel and assist them in the discharge of their official duties. They may also employ the town attorney and pay him such compensation as shall be agreed upon, in addition to his salary as town attorney. This type of employment can be under an annual retainer or employment from time to time as he is needed. Would such an attorney be considered as being regularly employed? If the town attorney were used, would service of a notice of claim on the town attorney be considered proper for service on a fire district. These are very serious questions which should have been answered by properly defining the words ‘regularly employed’ [sic]”. (Letter of Jerome M. Komfeld, July 23, 1976, Bill Jacket, L 1976, ch 745.)

. Mem of Assembly Sponsor in Support, Bill Jacket, L 1976, ch 745.

. This court believes the better practice would be for the office of the Corporation Counsel to require plaintiffs to signify, on the face of the notice of claim, the capacity and authority that service by delivery is being made, especially where two distinct public corporations are, or believed to be, represented by the same attorney.