■ ALBERT LEVENTHAL, as Administrator of the Estate of LILLIAN LEVENTHAL, Deceased, Appellant, v HEALTH AND HOSPITALS CORPORATION OF THE CITY OF NEW YORK, Respondent. — In an action to recover damages for personal injuries sustained due to the allegedly negligent discharge of a patient from one of defendant's facilities, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated January 30, 1984, as denied plaintiff's cross motion for leave to amend his pleadings.

Order affirmed, insofar as appealed from, with costs.

In August of 1975, plaintiff's intestate sustained serious injuries to her left eye when she was attacked by one Samuel Clark while waiting for a bus in Kings County. Thereafter, an action was commenced naming the Health and Hospitals Corporation of the City of New York as the sole defendant. The complaint alleged that Kings County Hospital — a facility under the aegis of the Health and Hospitals Corporation — had negligently released Clark "with full knowledge of his dangerous and vicious propensities".

Clark had a history of multiple hospitalizations for mental illness as well as a number of arrests. Through the course of discovery, plaintiff came to the conclusion that immediately prior to the assault, Clark had actually been confined at Rikers Island Hospital, a prison facility of the City of New York, and not at Kings County Hospital.

In July of 1983, defendant Health and Hospitals Corporation moved, *inter alia,* for summary judgment, alleging that Clark, who had been discharged by Kings County Hospital on May 30, 1975 to Pilgrim State Hospital, from which he had thereafter escaped, was neither within the control of nor discharged to the public from defendant's hospital on a date proximate to the incident alleged. Plaintiff, in response, cross-moved for leave to amend his pleadings so as to include the City of New York as a defendant in the action. Special Term granted the Health and Hospitals Corporation's motion and denied plaintiff's cross motion. Plaintiff appeals only from the latter determination, and we affirm.

The Health and Hospitals Corporation and the City of New York are clearly separate and distinct entities (*see, Bender v*

*New York City Health & Hosps. Corp.,* 38 NY2d 662; *Brennan v City of New York,* 59 NY2d 791). Plaintiff contends that the Health and Hospitals Corporation deliberately concealed the identity of the facility where Clark had last been treated immediately prior to the assault, thus preventing him from naming the proper party defendant within the statutorily specified time. Not only does the record totally fail to support plaintiff's contention, but our reading of the hospital records indicates that Clark was not confined at Rikers Island Hospital immediately prior to the assault, but rather long before — in 1974 — and then again thereafter following the assault on plaintiff's intestate. More importantly, the city is a nonparty. "Whatever the merits of plaintiff['s] estoppel theory, the issue is beyond our reach because the [City of New York], against whom it is [really] sought to be invoked, was never made a party to the application, and as the Statute of Limitations has long since run, the court is without power to revive the claims sought to be asserted against the [city]" (*Gold v City of New York,* 80 AD2d 138, 140). Nor should the fact that the Corporation Counsel represents both the city and the Health and Hospitals Corporation provide the necessary nexus to attribute the acts of the Health and Hospitals Corporation to the city. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.