■ REGINA GOLDHIRSCH, Petitioner, v ROBERT L. FLACKE, as Commissioner of the Department of Environmental Conservation of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Environmental Conservation, dated December 30, 1982, which, after a hearing, denied petitioner's amended application for a permit which would allow her to build, *inter alia,* seven houses within 100 feet of the boundary line of a freshwater wetland.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

In 1978, the Regional Permit Administrator of the New York State Department of Environmental Conservation (DEC) issued an interim designation that Lemon Creek, which includes Porzio's Pond, is a freshwater wetland of unusual local importance and, therefore, is subject to regulation under the Freshwater Wetlands Act (ECL art 24). Porzio's Pond is partially located on petitioner's property. After a public hearing was conducted by an Administrative Law Judge (6 NYCRR 621.2 [j]; 662.7 [a]), the respondent Commissioner adopted the findings of the hearing officer and denied petitioner's amended application for a permit to build 23 homes on her property; seven of the proposed homes and a stilling basin would be located within 100 feet of the boundary line of the subject freshwater wetland.

Petitioner contends that Porzio's Pond, which is smaller than 12.4 acres, does not have the characteristics of a Class I wetland (see, 6 NYCRR 664.5 [a]) and, thus, it cannot be deemed a wetland of unusual local importance (see, 6 NYCRR 664.7 [c]). Petitioner's reliance on part 664 of the regulations enacted pursuant to the Freshwater Wetlands Act (see, 6 NYCRR part 664) in support of her contention that Porzio's Pond is not subject to intermin regulation is misplaced. The final land use regulations for freshwater wetlands take effect

only "[u]pon completion of the freshwater wetlands map of the state, or of any selected section or region thereof" (ECL 24-0903 [1]). Since final maps of the freshwater wetlands in Richmond County have not been filed, the regulations in part 664 are not applicable.

The criteria relied upon by the Regional Permit Administrator in making the *interim* designation that Lemon Creek, including Porzio's Pond, is a freshwater wetland of unusual local importance comply with the statutory standard set forth in the Freshwater Wetlands Act (ECL 24-0301 [1]) and the regulations applicable to interim permits *(see,* 6 NYCRR 662.4 [b]). That standard requires a freshwater wetland of less than 12.4 acres to have "unusual local importance for one or more of the specific benefits set forth in subdivision seven of section 24-0105" (ECL 24-0301 [1]). There is substantial evidence in the record to support the finding that Porzio's Pond contains more than one of the specific benefits listed in ECL 24-0105 (7) requiring its interim designation as a freshwater wetland of unusual importance in Richmond County. The specific benefits derived from this wetland include: open space and aesthetic appreciation in a major urban area (ECL 24-0105 [7] [h]); wildlife habitat for diverse species (ECL 24-0105 [7] [b]; storm control (ECL 24-0105 [7] [a]); and recreation (ECL 24-0105 [7] [d]).

Notwithstanding the lead agency's determination that the proposed project, with modifications, will have no significant effect on the quality of the human environment under the guidelines of the State Environmental Quality Review Act (ECL art 8), the Commissioner had the authority to deny a permit to petitioner if the proposed project did not comply with the standards for the issuance of an interim permit under the Freshwater Wetlands Act *(see,* 6 NYCRR 617.3 [b]). There is substantial evidence in the record that construction of the seven homes in question designated homes 9 through 15, and the stilling basin within 100 feet of the wetlands' boundary would have an adverse impact on the wetlands and would not comply with the standards for the issuance of an interim permit as set forth in 6 NYCRR 662.6 (a). Specifically, said construction would not be consistent with the purposes of the Freshwater Wetlands Act (6 NYCRR 662.6 [b] [1]); nor compatible with the public health and welfare (6 NYCRR 662.6 [b] [2]); nor reasonable and necessary (6 NYCRR 662.6 [b] [3]). Moreover, no interim permit can be issued unless the proposed alteration "has no reasonable alternative on a site which is not a freshwater wetland or adjacent area" (6

NYCRR 662.6 [b] [4]). Reasonable alternatives to the subject project, such as cluster zoning, had not been considered by the applicant. It is noteworthy that the Commissioner denied the permit without prejudice to any application for an alternative project that would either eliminate construction of houses 9 through 15 and the stilling basin or keep all development more than 100 feet away from the boundary of the freshwater wetland. Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.