■ In the Matter of SALVATORE ARDIZZONE, Appellant, v NANCY ELLIOTT, as Supervisor of the Town of Yorktown, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Yorktown (hereinafter town board) dated May 20, 1986, which denied the petitioner's application for a wetlands permit, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered January 15, 1987 which denied the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner applied to the town board for a permit under the town's Wetlands and Drainage Law (Yorktown Code § 89.01 *et seq.)* to fill 1.6-acre wetlands in order to construct a commercial greenhouse. The 1.6-acre site was part of a 19-acre parcel designated as a wetlands by the State pursuant to the Freshwater Wetlands Act (ECL 24-0101 *et seq.).* Prior to seeking a permit from the town board, the petitioner had received a wetlands permit from the New York State Department of Environmental Conservation (hereinafter the DEC). The petitioner had also received a special use permit from the Zoning Board of Appeals of the Town of Yorktown (hereinafter zoning board). The zoning board, acting as lead agency for purposes of the New York State Environmental Quality Review Act (SEQRA), reviewed various environmental impact statements and determined that the petitioner's project would not have a deleterious effect on the general welfare of the community and had been structured so as to create minimal disturbance of the wetlands. Nevertheless, the town board denied the petitioner a wetlands permit, finding that "the proposed project will alter the character of the community by destroying a highly visible portion of one of the few remaining wetlands/open spaces along the Route 6 corridor". The Supreme Court, Westchester County, sustained the town board's determination based on the legislative intent expressed in the local wetlands law which was to protect the town's natural resources, including its aesthetic assets.

The petitioner contends that the decision of the town board cannot be sustained because that body did not have concurrent jurisdiction with the DEC over permit applications involving these State-mapped wetlands. Although the petitioner has raised this argument for the first time on appeal, we exercise our discretion to consider the issue, since it concerns the town board's authority to act, which is a legal question that can be resolved on the record before us.

The State law provides a mechanism whereby the DEC can transfer regulatory authority over State-mapped wetlands to local governments which have the requisite technical and administrative capabilities and enact their own wetlands protection acts (ECL 24-0501). Contrary to the petitioner's contention, we find that the State law does not preclude local governments which do not effect a transfer of jurisdiction from the DEC to themselves from enacting parallel regulatory laws governing State-mapped wetlands within their borders. The State law specifically provides that "[n]o provision of this article shall be deemed to remove from any local government

any authority pertaining to the regulation of freshwater wetlands under * * * any other law" (ECL 24-0509). Since the State law, under a different section of the ECL *(see,* ECL 24-0507), explicitly gives local governments sole authority over wetlands not mapped by the State, we find that the provision for local authority in ECL 24-0509 applies to State-mapped wetlands *(cf., Matter of Drexler v Town of New Castle,* 62 NY2d 413, 418).

The town board's decision has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441). The town board was not required to accept the zoning board's SEQRA findings *(cf., Goldhirsch v Flacke,* 114 AD2d 998, *lv denied* 67 NY2d 604), particularly since the zoning board did not have the authority to issue a wetlands permit. Nor was the town board bound by the decision of the DEC to issue a wetlands permit. Where, as here, there is no State preemption, a local law is not inconsistent with the State law merely because it prohibits an activity which the State would have permitted *(see, e.g., Monroe-Livingston Sanitary Landfill v Town of Caledonia,* 51 NY2d 679). The town board was bound to apply the criteria in the local wetlands law which had, as one express purpose, the preservation of the town's ecological and aesthetic assets. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.