■ NORMAN HENDERSON, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HEALTH AND HOSPITALS CORP., Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant New York City Health and Hospitals Corporation appeals from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated February 20, 1987, as denied its motion to dismiss the complaint as against it and granted the plaintiff's cross motion to the extent of declaring that service was properly effectuated against that defendant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted and the complaint is dismissed as against the defendant New York City Health and Hospitals Corporation; and it is further,

Ordered that the New York City Health and Hospitals Corporation is awarded costs.

The New York City Health and Hospitals Corporation (hereinafter HHC) is a public benefit corporation, independent of the City of New York, and as such, must be independently served with process (see, McKinney's Uncons Laws of NY, § 7401 [2]; CPLR 311 [1]; Brennan v City of New York, 59 NY2d 791; Leventhal v Health & Hosps. Corp., 108 AD2d 730). Consequently, the plaintiff's attempt to serve process upon the Corporation Counsel, as attorney for the City of New York and the HHC, was not an appropriate method by which to obtain in personam jurisdiction over HHC.

We further find, contrary to the conclusions of the Supreme Court, that there is an insufficient basis to support the invocation of the doctrine of equitable estoppel so as to preclude HHC from interposing a jurisdictional objection (cf., Bender v New York City Health & Hosps. Corp., 38 NY2d 662). The record reveals that HHC took no actions to foster forbearance on the part of the plaintiff in determining whether there had been proper service. Moreover, the Corporation Counsel interposed an answer solely on behalf of the City of New York.

Nor do we find support in the law or the record to justify the conclusion that the Corporation Counsel owed and breached a duty to advise the plaintiff of the defect in service. It has been held that "[a] municipality is under no duty to

notify a claimant that his notice of claim was not timely served; nor is there any justification for imposing such a burden. It is not unreasonable to require a claimant to exercise sufficient diligence to ascertain whether his notice of claim has been timely served" (see, *Miller v County of Putnam,* 32 AD2d 827, *affd* 25 NY2d 664).

Accordingly, the order is reversed insofar as appealed from and the defendants' motion to dismiss is granted in its entirety. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.