■ In the Matter of JUANA QUINTERO, Respondent, v TOWN OF BABYLON INDUSTRIAL DEVELOPMENT AGENCY, Appellant.— In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Suffolk County (Jones, J.), entered June 23, 1989, which granted the petitioner's application.

Ordered that the order is reversed, on the law, and the application is denied, with costs.

After the petitioner was injured, she timely served a notice of claim and a summons and complaint upon the Town of Babylon. Subsequently learning that the proper defendant was the Town of Babylon Industrial Development Agency, she sought leave to serve a late notice of claim upon that latter entity. Although the relevant Statute of Limitations had expired (see, General Municipal Law § 880), the Supreme Court invoked the doctrine of equitable estoppel and granted the application. In support of this determination, the court relied on the "conduct" of the Town of Babylon which, "throughout this litigation * * * failed to hint that it was not the real party in interest". This was an insufficient ground upon which to base the invocation of the doctrine of equitable estoppel against the Town of Babylon Industrial Development Agency (see, Ceely v New York City Health & Hosps. Corp., 162 AD2d 492; Henderson v City of New York, 143 AD2d 884; Nicholas v City of New York, 130 AD2d 470; Albano v Long Is. R. R. Co., 122 AD2d 923; Soloff v Board of Educ., 90 AD2d 829; see also, Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88, 93, n 1; Rodriguez v City of New York, 169 AD2d 532; cf., Bender v New York City Health & Hosps. Corp., 38 NY2d 662). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.