■ STATE OF NEW YORK et al., Respondents, v NICHOLAS S. FERRO et al., Appellants, et al., Defendant.—Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 25, 1991 in Greene County, which, *inter alia,* partially granted plaintiffs' motion for summary judgment.

Plaintiffs commenced this action in July 1989 alleging three causes of action: (1) that defendants operated a solid waste management facility in violation of the facility operating requirements contained in 6 NYCRR 360-7.1 and 360-7.10; (2) that defendants violated the closure and postclosure requirements of 6 NYCRR 360-1.14 (w) and 360-7.11; and (3) that defendants created a public nuisance. Plaintiffs sought, *inter alia,* injunctive relief, restitution, damages and civil penalties pursuant to ECL article 71. Defendants' answer contains three affirmative defenses: (1) that the facility was constructed, maintained, operated and closed pursuant to the regulations then in effect and, therefore, is not subject to the new regulations relied upon by plaintiffs; (2) that plaintiffs are estopped from maintaining the action as a result of the conduct of the Department of Environmental Conservation (hereinafter DEC) in approving and overseeing defendants' operation of the facility; and (3) that plaintiffs have engaged in selective and discriminatory enforcement.

This action was commenced after DEC's investigation of complaints of odors revealed high concentrations of hydrogen sulfide emissions from the facility which were causing a variety of health problems. The parties attempted to settle the action by implementing an odor abatement plan pursuant to which defendants constructed a charcoal filter system. The odor problems persisted, however, due to defendants' failure to maintain the system. Plaintiffs ultimately elected to resume prosecution of this action and moved for summary judgment.

In support of their motion, plaintiffs submitted evidence that defendants were responsible for the emission of untreated hydrogen sulfide gases into the air, which caused upper respiratory ailments and nose and eye irritation in area residents. An affidavit of a DEC senior sanitary engineer also alleges that defendants refused to repair cracks in the clay cap covering the site, refused to provide information regarding their efforts to maintain the charcoal filter system, did not treat or remove leachate found at the site and did not submit the necessary information to obtain DEC approval of a final closure plan. As a result of these and other deficiencies, defendants were alleged to have violated a number of regulations contained in 6 NYCRR 360-1.1 *et seq.*, effective December 31, 1988, which replaced 6 NYCRR former 360.1 *et seq.*

In opposition to plaintiffs' motion, defendants did not deny the substantive allegations regarding the emission of hydrogen sulfide gases, the existence of leachate at the site and other deficiencies. Instead, defendants presented evidence that in April 1988 they contacted Mark Mateunas, a DEC region 4 senior sanitary engineer, regarding the requirements for opening, operating, maintaining and closing a construction and demolition debris landfill (hereinafter referred to as a C&D landfill). According to defendants, Mateunas advised them that a C&D landfill could be operated for a one-year exemption period under the regulations then in existence, that DEC would monitor the debris being brought into the landfill, that the only closure requirement was a two-foot clay cap covering the site, and that if the site ceased operations prior to December 31, 1988 it would not be subject to the new regulations. Defendants allege that in reliance upon these assurances they accepted construction and demolition debris at the site beginning in April 1988 and ceased operating the site on October 3, 1988.

Supreme Court concluded that, as a matter of law, defendants* failed to properly close the landfill under the former regulations, citing 6 NYCRR former 360.8 (a) (21), and are, therefore, subject to the requirement of the current regulations. Defendants were found to be in violation of several of the current regulations and to have maintained a public nuisance. Based upon these findings, defendants were directed to treat and remove all leachate from the site, and to develop

---

* One of the defendants, KBK Investors Corporation, is not a party to this appeal because Supreme Court found questions of fact as to that defendant's "participation * * * in the subject * * * landfill".

and implement a final closure plan approved by DEC. Defendants were directed to pay restitution in the amount of $42,150, and based upon the continuing violations of the current regulations penalties in the amount of $3,645,000 were imposed on defendants pursuant to ECL 71-1929. Defendants appeal.

We reject defendants' contention that their estoppel and discriminatory enforcement defenses raised questions of fact which precluded summary judgment. "[E]stoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties" *(Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369). Although it has been suggested "that exceptions to the general rule may be warranted in 'unusual factual situations' to prevent injustice" *(supra,* at 369), we are of the view that this is not a case in which estoppel may be imposed to prevent plaintiffs from seeking to enforce applicable regulations and to abate a public nuisance *(see, Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 130-131). Defendants' vague and conclusory allegations that other facilities have not been subjected to the same treatment by DEC are patently insufficient to support a claim of discriminatory enforcement *(see, Matter of Cannon v Urlacher,* 155 AD2d 906, 907).

As to plaintiffs' public nuisance cause of action, we are of the view that plaintiffs met their burden as the proponent of the motion for summary judgment by submitting evidence of emissions of hydrogen sulfide gases into the air from defendants' site, which adversely affect the health of area residents exposed to those emissions, and evidence of leachate containing PCBs at the site, which threatens to contaminate a nearby stream *(see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 568). Defendants submitted no relevant evidence on this issue and, therefore, Supreme Court correctly granted summary judgment on plaintiffs' public nuisance cause of action.

The remaining two causes of action contained in plaintiffs' complaint are based upon alleged violations of the current DEC regulations which went into effect December 31, 1988. Pursuant to the relevant transition provision of the current regulations, "[a] facility constructed, operated or closed in violation of the solid waste management facility regulations in effect on the day before the effective date of this Part is subject to the requirements of this Part as of its effective date" (6 NYCRR 360-1.7 [a] [2] [iii]). Supreme Court concluded that defendants failed to comply with the closure requirements of the former regulations, in particular the require-

ment that defendants obtain DEC approval of specific closure measures, a requirement contained in 6 NYCRR former 360.8 (a) (21). Plaintiffs, however, failed to meet their burden as the proponent of the summary judgment motion of establishing that 6 NYCRR former 360.8 (a) (21) applied to defendants' facility.

Defendants allege that they operated a C&D landfill, accepting only construction and demolition debris, for less than one year and closed the landfill prior to the effective date of the current regulations. 6 NYCRR former 360.1 (f) (1) (x) provided:

"Sites used solely for the deposition of nonputrescible construction and demolition debris are exempt from this Part, provided that:

"*(a)* The proposed site is used exclusively for inert, non-hazardous, non-putrescrible *[sic]* construction and demolition debris, will operate for less than one year and is operated in conformance with paragraphs (a) (1), (3), (6), (7), (8), (15), (16) and (20), clause (b) (1) (vii) *(b)* and subparagraph (b) (1) (ix) of section 360.8 of this Part".

If, in fact, defendants' site accepted only "inert, non-hazardous, non-putrescrible *[sic]* construction and demolition debris" and operated for less than one year and in conformance with the specific regulatory requirements listed in 6 NYCRR former 360.1 (f) (1) (x), the site was exempt from all other requirements of the former regulations, including the closure requirements of 6 NYCRR former 360.8 (a) (21). If defendants' facility was an exempt construction and demolition debris site under 6 NYCRR former 360.1 (f) (1) (x), it could not have been constructed, operated or closed in violation of the former regulations from which it was exempt and, therefore, it would not be subject to the requirements of the current regulations pursuant to the transition provision contained in 6 NYCRR 360-1.7 (a) (2) (iii). In support of their motion for summary judgment, plaintiffs submitted no evidence on the question of whether defendants' facility was an exempt construction and demolition debris site under the former regulations and, therefore, they were not entitled to summary judgment on their causes of action alleging violations of the current regulations. Defendants argue that other issues of fact have been raised, but we find no merit in this argument either because the purported factual questions are irrelevant or because defendants did not submit evidence in admissible form to controvert the evidence submitted by plaintiffs.

Based upon the foregoing analysis, plaintiffs are entitled to

summary judgment dismissing the second and third affirmative defenses in defendants' answer and summary judgment granting an order of abatement on the third cause of action in plaintiffs' complaint. Because the nature and severity of the public nuisance may have changed during the more than one year that has elapsed since the order on appeal was entered, the requirements of the order of abatement should be fixed by Supreme Court based upon appropriate evidence of the current conditions at the site. Plaintiffs' entitlement to the remaining relief requested in their complaint must await trial resolution of the question of whether defendants' site is subject to the requirements of the current regulations raised by the first and second causes of action in plaintiffs' complaint and the first affirmative defense in defendants' answer.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting therefrom the five decretal paragraphs and substituting therefor a single decretal paragraph to provide that plaintiffs' motion for summary judgment is denied except to the extent that (1) the second and third affirmative defenses in defendants' answer are dismissed and (2) plaintiffs are entitled to an order of abatement on their third cause of action against all defendants except KBK Investors Corporation; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.