■ TERENCE QUINN et al., Appellants, v NASSAU COUNTY DEPARTMENT OF RECREATION AND PARKS, Respondent. [647 NYS2d 964] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated October 4, 1995, which denied their motion for leave to enter a default judgment, granted the defendant's cross motion to dismiss the complaint on the ground of improper service, and, in effect, denied them leave to recommence the action pursuant to CPLR 306-b (b).

Ordered that the order is modified by deleting the provision thereof which, in effect, denied the plaintiffs leave to recommence the action pursuant to CPLR 306-b (b) and substituting a provision therefor granting the plaintiffs leave to recommence the action; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiffs' time to recommence the action is extended until 120 days after service upon them of a copy of this decision and order with notice of entry.

Contrary to the plaintiffs' contention, the doctrine of equitable estoppel is not applicable to the facts of this case (see, e.g., Matter of Quintero v Town of Babylon Indus. Dev. Agency, 172 AD2d 527; Henderson v City of New York, 143 AD2d 884, 884-885). However, the court erred in holding that the plaintiffs were time barred from recommencing their action (see, CPLR 306-b [b]; Moran v Harting, 212 AD2d 517). Accordingly, the order is modified by extending the time within which the plaintiffs may recommence their action. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.