■ In the Matter of JANES GRIFFITH, Respondent, v STATEN ISLAND RAPID TRANSPORTATION OPERATING AUTHORITY, Appellant. (Matter No. 1.) JANES GRIFFITH, Respondent, v STATEN ISLAND RAPID TRANSPORTATION OPERATING AUTHORITY, Appellant. (Matter No. 2.) [703 NYS2d 270] —In a proceeding for leave to file a late notice of claim (Matter No. 1) and a related action to recover damages for personal injuries (Matter No. 2), the Staten Island Rapid Transportation Operating Authority appeals from an order of the Supreme Court, Richmond County (Mastro, J.), dated January 6, 1999, which granted the petition in Matter No. 1 and denied its motion to dismiss the complaint in Matter No. 2 as barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the petition in Matter No. 1 is denied, the proceeding is dismissed on the merits, the motion in Matter No. 2 is granted, and the complaint is dismissed.

Janes Griffith was allegedly injured when the door of a subway train owned by the Staten Island Rapid Transportation Operating Authority (hereinafter SIRTOA) closed on her arm. Griffith filed a notice of claim with the New York City Transit Authority, and a hearing was held pursuant to Gen-

eral Municipal Law § 50-h. At the hearing, the Hearing Examiner identified herself as the claim agent and risk manager for the "MTA Staten Island Railway". Griffith then moved for leave to serve a late notice of claim upon the MTA. The Supreme Court, Richmond County, denied the motion, and Griffith subsequently commenced this proceeding for leave to serve a late notice of claim, and action to recover damages for personal injuries, against SIRTOA. In the order appealed from, the Supreme Court, Richmond County, granted Griffith leave to serve a late notice of claim and denied the motion of SIRTOA to dismiss the complaint as untimely, holding that SIRTOA "should be estopped from claiming that they were never served with a notice of claim or that the action against them was untimely." We reverse.

Generally, the doctrine of estoppel is not applicable to municipalities acting in a governmental capacity (*see, Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 93, n 1). However, a municipality may be estopped from asserting that a claim was untimely filed when its improper conduct induces reliance by a party who changes his or her position to his or her detriment or prejudice (*see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). Here, the statement by the Hearing Examiner did not constitute misconduct which would require an estoppel (*see, Matter of Quintero v Town of Babylon Indus. Dev. Agency,* 172 AD2d 527).

The respondent's remaining contentions are without merit. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.