■ MOHAMED YASSIN et al., Respondents, v MOHAN R. SARABU et al., Defendants, and WESTCHESTER COUNTY HEALTH CARE CORPORATION, Appellant. [727 NYS2d 620] —In an action to recover damages for medical malpractice, the defendant Westchester County Health Care Corporation appeals from an order of the Supreme Court, Westchester County (Barone, J.), dated August 23, 2000, which denied its motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5) on the ground that the action was time-barred.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The doctrine of estoppel will be applied against governmental agencies only in exceptional cases (*see, Zaiman v Metropolitan Tr. Auth.,* 186 AD2d 555). A municipality may be estopped from asserting that a claim was untimely filed when its improper conduct induced reliance by a plaintiff who changed his or her position to his or her detriment (*see, Matter of Griffith v Staten Is. Rapid Transp. Operating Auth.,* 269 AD2d 596, 597; *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662).

Here, the conduct of the defendant Westchester County Health Care Corporation did not warrant the application of the doctrine of estoppel (*see, Matter of Quintero v Town of Babylon Indus. Dev. Agency,* 172 AD2d 527). Only a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon, will justify the imposition of estoppel (*see, DeGori v Long Is. R. R.,* 202 AD2d 549; *Gallo v County of Westchester,* 162 AD2d 584; *Graber v City of New York,* 89 AD2d 598). Accordingly, the motion should have been granted. Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.