■ In the Matter of CONCERNED PORT RESIDENTS COMMITTEE et al., Appellants, et al., Petitioners, v INCORPORATED VILLAGE OF SANDS POINT, Respondent. [739 NYS2d 162] —In a proceeding pursuant to CPLR article 78, inter alia, to review two resolutions of the Board of Trustees of the Incorporated Village of Sands Point, both dated March 23, 1999, which adopted a findings statement pursuant to the State Environmental Quality Review Act and approved a master plan for the Village Club at

Sands Point, the petitioners Concerned Port Residents Committee, Richard Maidman, Mitchel Maidman, Adam Hanft, Flora Hanft, Katy Bitton, and Michael Bitton appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Phelan, J.), dated June 5, 2000, as granted that branch of the cross motion of the Incorporated Village of Sands Point which was to dismiss the petition to the extent that it challenged the March 23, 1999, resolutions.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The Board of Trustees (hereinafter the Board) of the Incorporated Village of Sands Point (hereinafter the Village), as lead agency, conducted an environmental review pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) of the proposed expansion of a golf and recreation facility known as the Village Club at Sands Point. On March 23, 1999, the Board adopted two resolutions which approved a findings statement pursuant to SEQRA and a master plan for development of the facility. The petitioners commenced this proceeding against the Village in January 2000 seeking to annul, inter alia, the March 23, 1999, resolutions on the ground that the Board failed to comply with the requirements of SEQRA.

Since the basis of this proceeding is the Board's alleged noncompliance with SEQRA, the four-month statute of limitations applies (*see, Matter of Young v Board of Trustees of Vil. of Blasdell,* 89 NY2d 846). The Supreme Court properly determined that the petitioners' challenge to the March 23, 1999, resolutions was time-barred.

The Supreme Court also properly rejected the petitioners' contention that the Village was estopped from raising the statute of limitations as a defense. Generally, the doctrine of estoppel is not applicable to municipalities acting in a governmental capacity (*see, Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 93, n 1; *Matter of Griffith v Staten Is. Rapid Transp. Operating Auth.,* 269 AD2d 596). However, a municipality may be estopped from raising a statute of limitations defense where its improper acts induce reliance by a party who changes his or her position to his or her detriment or prejudice (*see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662; *Matter of Griffith v Staten Is. Rapid Transp. Operating Auth., supra*). "Only a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon, will justify the imposition of estop-

pel" (*Yassin v Sarabu,* 284 AD2d 531; *DeGori v Long Is. R.R.,* 202 AD2d 549; *Simcuski v Saeli,* 44 NY2d 442). The petitioners failed to demonstrate any such improper conduct which would warrant the application of the doctrine of estoppel. Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.