■ Concerned Cooper Gramercy Tenants' Association, by Daniel Petrucelli, as President, et al., Appellants, v New York City Educational Construction Fund et al., Respondents. [784 NYS2d 872]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 20, 2003, granting the CPLR 3211 (a) motion of defendant Number 401 Second Avenue, Inc. (401) to dismiss the complaint, unanimously affirmed, without costs.

Contrary to the motion court's holding, plaintiff tenants do possess standing as third-party beneficiaries (see *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]) of the subject ground lease to challenge ground lessee 401's proposed withdrawal of the leased premises, known as Cooper Gramercy, from the Mitchell-Lama program (cf. *Concerned Cooper Gramercy Tenants' Assn. v New York City Educ. Constr. Fund*, 304 AD2d 412 [2003]). Their challenge, however, is unavailing because, although the subject Board of Estimate Resolutions, Disposition Agreement, deed and ground lease provide for publicly assisted housing at Cooper Gramercy, the tenants have failed to point to language within those documents mandating that publicly assisted housing be provided for the ground lease's entire 75-year term (cf. *Matter of Columbus Park Corp. v Department of Hous. Preserv. & Dev.*, 80 NY2d 19, 28 [1992]). Nothing within the governing documents may be construed as barring 401 from exercising such right as it has pursuant to Private Housing Finance Law § 35 to effect the withdrawal of Cooper Gramercy from the Mitchell-Lama program. Concur—Sullivan, J.P., Ellerin, Lerner, Marlow and Catterson, JJ.