■ STATE OF NEW YORK et al., Appellants, v WHITE OAK CO., LLC, et al., Respondents. [787 NYS2d 333]—

In an action, inter alia, to enjoin the defendants from conducting any activities on certain land that would kill or disturb tiger salamanders, or destroy or modify their habitat, except to the extent that such activities are in accordance with an Endangered Species Permit, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated February 25, 2004, as, after a hearing, denied their motion for a preliminary injunction, and (2) from an order and judgment (one paper) of the same court entered July 9, 2004, which, upon an order of the same court dated May 28, 2004, inter alia, granting the defendants' cross motion for summary judgment dismissing the complaint, denied their motion for leave to renew the motion for a preliminary injunction and dismissed the complaint.

Ordered that the appeal from the order dated February 25, 2004, is dismissed; and it is further,

Ordered that the appeal from so much of the order and judgment as denied the motion for leave to renew is dismissed as academic; and it is further,

Ordered that the order and judgment is reversed insofar as reviewed, on the law, so much of the order dated May 28, 2004, as granted the defendants' cross motion for summary judgment is vacated, the cross motion is denied, the complaint is reinstated, and, upon searching the record, summary judgment is awarded to the plaintiffs on the cause of action for a permanent injunction; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order dated February 25, 2004, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]).

In 1988 the predecessors of the defendant White Oak Co., LLC (hereinafter White Oak), decided to build 116 homes on a 100-acre parcel of land (hereinafter the site) that was located in the Town of Brookhaven. The project required subdivision approval from the Planning Board of the Town of Brookhaven (hereinafter the Planning Board). When an application was submitted, it prompted an environmental review under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). During that review, the plaintiff New York State Department of Environmental Conservation (hereinafter the DEC) acted as an "involved agency" (6 NYCRR 617.2 [s]).

Years later, in 1998, the Town Board of the Town of Brookhaven, which acted as "lead agency," issued a findings statement, in which it certified that the project, which had certain mitigation measures, satisfied SEQRA requirements. One of the mitigation measures that was imposed, which was consistent with a DEC recommendation, required that 50% of the land that was within 1,000 feet of a pond on the site be left undisturbed. This was because of a concern that the project would have an adverse impact on tiger salamanders, an endangered species (*see* 6 NYCRR 182.6 [a] [4] [i]) which had been noted at the site at different points over time.

In 2000 the Planning Board issued a final, conditional approval for the project. White Oak, which owned the site at this point, then spent a considerable amount of time and money satisfying the conditions.

In December 2003, White Oak, which finally satisfied the conditions, commenced construction on the site. Soon thereafter, the DEC commenced the instant action to permanently enjoin White Oak from engaging in any activities within 1,000 feet of the pond that would harm the tiger salamanders or their habitat, unless White Oak obtained an "Endangered Species Permit." Indeed, the DEC alleged that if construction proceeded in the absence of a permit, there would be an illegal "taking" of the tiger salamanders (ECL 11-0535 [2]), as they would be killed by the construction vehicles (*see* ECL 11-0103 [13]), or die as a result of their habitat being destroyed (*see State of New York v Sour Mtn. Realty,* 276 AD2d 8 [2000]).

Eventually, White Oak successfully cross-moved for summary judgment dismissing the complaint. However, the Supreme Court erred in granting that cross motion, as White Oak, which failed to establish that some legal or factual basis existed for precluding the DEC from exercising its power to provide for the preservation of the tiger salamanders (*see* ECL 3-0301 [1] [c]), did not meet its burden of demonstrating its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Indeed, while White Oak essentially contends that the DEC should have been precluded from requiring it to obtain an Endangered Species Permit because the welfare of the tiger salamanders was considered during the environmental review, this argument is without merit, as the provisions of SEQRA do not change the jurisdiction of the DEC (*see* ECL 8-0103 [6]; 6 NYCRR 617.3 [b]; *Goldhirsch v Flacke,* 114 AD2d 998 [1985]; *City of New York v Mancini-Ciolo, Inc.,* 188 AD2d 633, 635 [1992]). In addition, while White Oak sought to equitably estop the DEC from requir-

ing a permit, a State agency such as the DEC generally cannot be equitably estopped from exercising its governmental functions (*see Matter of Wedinger v Goldberger,* 71 NY2d 428, 440-441 [1988], *cert denied* 488 US 850 [1988]; *Matter of Jackson's Mar. v Jorling,* 193 AD2d 863, 866 [1993]; *State of New York v Ferro,* 189 AD2d 1018, 1020 [1993]). The conduct of the DEC did not warrant the application of the doctrine of estoppel (*see Matter of Concerned Port Residents Comm. v Incorporated Vil. of Sands Point,* 291 AD2d 494, 496 [2002]; *Yassin v Sarabu,* 284 AD2d 531 [2001]).

Although the DEC did not move for summary judgment, this Court is authorized by CPLR 3212 (b) to search the record and award the DEC summary judgment with respect to a cause of action or issue that was the subject of a motion before the Supreme Court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]). Upon searching the record, we find that no triable issue of fact exists as to whether the construction will result in an illegal "taking" of tiger salamanders (ECL 11-0535 [2]). Accordingly, we awarded summary judgment to the DEC on its cause of action for a permanent injunction.

In light of the foregoing, the DEC's contentions regarding the denial of the motion for a preliminary injunction, as well as the denial of the motion for leave to renew the motion for a preliminary injunction, are academic. Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.