■ MILDRED BRANCH et al., Appellants, v RIVERSIDE PARK COMMUNITY LLC et al., Respondents. [903 NYS2d 390]—

Order, Supreme Court, New York County (James A. Yates, J.), entered July 15, 2009, which granted defendants-respondents' motions to dismiss the combined complaint and petition seeking damages for breach of lease and for declaratory and injunctive relief, unanimously affirmed, without costs.

Plaintiffs failed to establish they qualified as third-party beneficiaries of the ground lease by showing the lease was intended for their benefit (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434-435 [2000]). Accordingly, they lacked standing to challenge the amendment to

the ground lease deleting the requirement that the building was to be used only for residential purposes for persons and families of low or moderate income (*see Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783 [2006]). Even if standing were found, plaintiffs' challenge is unavailing because they could not point to language mandating that publicly assisted housing be provided for the entire 75-year term of the ground lease (*see Concerned Cooper Gramercy Tenants' Assn. v New York City Educ. Constr. Fund*, 13 AD3d 61 [2004]).

The alleged harassment, reduced maintenance and evictions were not caused by the amendment to the ground lease. Those allegations present individual issues of fact to be addressed in Housing Court.

The CPLR article 78 challenge to the decision of the Educational Construction Fund (ECF) to amend the ground lease without undertaking an environmental review, in violation of the New York State Environmental Quality Review Act (SEQRA), was time-barred. The notice that commenced the running of the statute of limitations was provided at the June 16, 2006 public hearing, where ECF adopted a resolution that the developer was no longer required to operate its housing under the affordable housing guidelines for the remainder of the lease term, indicating that ECF's decision-making process was complete and that ECF had committed itself to a definite course of future decisions (*see Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 848 [1996]; *Matter of Sanitation Garage Brooklyn Dists. 3 & 3A*, 32 AD3d 1031 [2006], *lv denied* 7 NY3d 921 [2006]; *Matter of Concerned Port Residents Comm. v Incorporated Vil. of Sands Point*, 291 AD2d 494 [2002]). In any event, ECF's decision to deem the lease amendment a "Type II" action, not requiring any environmental review under SEQRA, was not arbitrary or capricious or in derogation of SEQRA regulations. Concur—Gonzalez, P.J., Andrias, Catterson, Renwick and Manzanet-Daniels, JJ. **[Prior Case History: 24 Misc 3d 1226(A), 2009 NY Slip Op 51626(U).]**