Matter of Maimonides Med. Ctr. v New York City Water Dept. (2018 NY Slip Op 06094)





Matter of Maimonides Med. Ctr. v New York City Water Dept.


2018 NY Slip Op 06094


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-00342
 (Index No. 3559/16)

[*1]In the Matter of Maimonides Medical Center, appellant, 
v
New York City Water Department, et al., respondents.


Kristopher M. Dennis, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Jonathan A. Popolow of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Water Board dated December 21, 2015, which confirmed a decision of the New York City Department of Environmental Protection dated November 2, 2015, denying an application to reduce certain water and wastewater charges, the petitioner appeals from a judgment of the Supreme Court, Kings County (Debra Silber, J.), dated September 27, 2016. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner owns several pieces of real property in Brooklyn, including 10 properties located on 48th Street, 49th Street, and Fort Hamilton Parkway (hereinafter the subject properties). In 2015, the petitioner retained UtiliSave, LLC (hereinafter UtiliSave), to audit its water and sewer bills. As a result of the audit, UtiliSave notified the New York City Department of Environmental Protection (hereinafter DEP), an agent of the New York City Water Board (hereinafter the Water Board), that since June 2000, DEP had over-billed the subject properties by using an incorrect multiplier of 0.1 instead of 0.01. After verifying the error, DEP corrected the multiplier and adjusted the accounts for the subject properties by issuing a credit for the four-year period prior to April 2015. In April 2015, UtiliServ requested that DEP issue additional credits for the time period from June 2000 to April 2011. In a letter to UtiliSave dated August 18, 2015, DEP denied the request. In October 2015, UtiliSave appealed the August 18, 2015, denial to the Executive Director of the Water Board. In a letter dated November 2, 2015, DEP advised UtiliSave that its appeal should have been addressed to DEP's Deputy Commissioner of the Bureau of Customer Services instead of to the Executive Director of the Water Board, and thereafter addressed the merits and denied the appeal. In November 2015, UtiliSave appealed the November 2, 2015, denial to the Executive Director of the Water Board. In a letter to UtiliSave dated December 21, 2015, the Executive Director of the Water Board denied the appeal and affirmed DEP's billing determination of November 2, 2015.
In April 2016, the petitioner commenced this proceeding to review the December 21, 2015, determination and for the issuance of credits for the period from June 2000 through April [*2]2011. The Supreme Court issued a judgment, in effect, denying the petition and dismissing the proceeding. The petitioner appeals.
" The courts have the power to review the [New York City] Water Board's determinations and may overturn determinations if the action is arbitrary and capricious, i.e. lacks a rational basis'" (Matter of Citylights at Queens Landing, Inc. v New York City Dept. of Envtl. Protection, 62 AD3d 871, 871, quoting Matter of Westmoreland Apt. Corp. v New York City Water Bd., 294 AD2d 587, 588). Here, we agree with the Supreme Court's finding that the determination of the Water Board was not arbitrary and capricious. The petitioner's 2015 challenge to the billing error and request for reimbursement for the period from June 2000 through April 2011 was barred by the applicable four-year limitations period (see Public Authorities Law § 1045-g[4]; Orfali v City of New York, 155 AD3d 869; Matter of Clinton Mews Owners Corp. v New York City Water Bd., 62 AD3d 872).
The petitioner's contention that DEP and the Water Board should be estopped from applying the four-year limitations period is without merit. " The doctrine of estoppel will be applied against governmental agencies only in exceptional cases'" (Mayayev v Metropolitan Transp. Auth. Bus, 74 AD3d 910, 910-911, quoting Yassin v Sarabu, 284 AD2d 531, 531), such as where there is fraud, misrepresentation, or other affirmative misconduct upon which the other party relies to its detriment (see Matter of Concerned Port Residents Comm. v Incorporated Vil. of Sands Point, 291 AD2d 494, 495). "Generally, the doctrine of estoppel is not available against a governmental agency to prevent it from discharging its statutory duties, even when the results are harsh" (Matter of Warner v Town of Kent Zoning Bd. of Appeals, 144 AD3d 814, 820). Here, the Water Board was performing its statutory duties in, inter alia, establishing, charging, collecting, and enforcing payment for the use of the water and sewer systems (see Public Authorities Law § 1045-f[9]). Although an error had been made resulting in the petitioner being over-billed from June 2000 to April 2015, DEP corrected the error and credited the accounts of the 10 subject properties to the extent allowable under applicable law and the Water Board's rate schedule (see Orfali v City of New York, 155 AD3d 869). The petitioner failed to demonstrate any improper conduct on the part of DEP or the Water Board that would warrant the application of the doctrine of estoppel.
Accordingly, we agree with the Supreme Court's determination to, in effect, deny the petition and dismiss the proceeding.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court