Matter of Mount Vernon City Sch. Dist. v R.N. (2020 NY Slip Op 06530)





Matter of Mount Vernon City Sch. Dist. v R.N.


2020 NY Slip Op 06530


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-02470
 (Index No. 66291/18)

[*1]In the Matter of Mount Vernon City School District, appellant, 
v
R.N., etc., respondent, Office of State Review of the New York State Education Department, respondent-respondent.


Law Offices of Douglas A. Spencer, PLLC, Miller Place, NY, for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Eric R. Haren of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 4 and Education Law § 4404(3) to review a determination of the Office of State Review of the New York State Education Department dated June 4, 2018, which dismissed the petitioner's appeal of an impartial hearing officer's decision as time-barred, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated January 3, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
Pursuant to 8 NYCRR 279.4(a), the petitioner had 40 days after the date of an impartial hearing officer's decision to serve a request for review. Here, the impartial hearing officer's decision was dated March 23, 2018, and the petitioner served its request for review 43 days later on May 5, 2018. Accordingly, the Office of State Review of the New York State Education Department (hereinafter Office of State Review) dismissed the appeal as untimely.
The petitioner's contention that its untimeliness was due to erroneous advice from an employee of the Office of State Review and as a result should be excused is unavailing. Generally, the doctrine of estoppel is only applicable to a government agency when the agency acts or comports itself wrongfully or negligently, inducing reliance by a party who changes his or her position to his or her detriment or prejudice (see Bender v New York City Health & Hosps. Corp. , 38 NY2d 662, 668; LoCiciro v Metropolitan Transp. Auth. , 288 AD2d 353, 354). "Only a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon, will justify the imposition of estoppel" (Matter of Concerned Port Residents Comm. v Incorporated Vil. of Sands Point , 291 AD2d 494, 495 [internal quotation marks omitted]). Here, the alleged statement by the employee of the Office of State Review does not constitute misconduct sufficient to warrant an estoppel (see Griffith v Staten Is. Rapid Transp. Operating Auth. , 269 AD2d 596, 597). 
The petitioner's remaining contentions are without merit.
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court