Alfonso v Trucar Leasing Corp. (2024 NY Slip Op 01154)

Alfonso v Trucar Leasing Corp.

2024 NY Slip Op 01154

Decided on March 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2024

Before: Singh, J.P., Friedman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 35820/20 Appeal No. 1787 Case No. 2023-01444 

[*1]Cristian Alfonso, Plaintiff-Respondent,
v
Trucar Leasing Corp., et al., Defendants-Appellants, AF & JR Truck Repairs, Inc., Defendant.

Malapero Prisco & Klauber, LLP, New York (Francis B. Mann, Jr. of counsel), for Trucar Leasing Corp., and American Compressed Gases Inc., appellants.
Nicoletti Spinner Ryan Gulino Pinter, New York (Matthew G. Corcoran of counsel), for Dry Ice Corp., appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Joshua Block of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered November 16, 2022, which, to the extent appealed from as limited by the briefs, denied the motions to dismiss of defendants Dry Ice Corp., and of Trucar Leasing Corp. (Trucar) and American Compressed Gases Inc. (American), to dismiss the complaint, unanimously modified, on the law, the motions granted with respect to the fourth, sixth, and seventh causes of action, and otherwise affirmed, without costs.
The first and second causes of action seek to hold Trucar and American, the owners and lessors of the subject vehicle, liable for their own alleged negligence with respect to the vehicle, not to impose vicarious liability on them for the negligence of the lessee of the vehicle. These claims therefore do not run afoul of the Graves Amendment (49 USC § 30106[a]), which applies only in situations in which "[t]here is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)" (id.). Accordingly, the motion to dismiss was properly denied as to the first and second cause of action.
However, the sixth cause of action, which is predicated on the alleged violation by Trucar and American of Penal Law § 120.20 (reckless endangerment in the second degree), should have been dismissed. A private cause of action may be implied from a penal statute only where "the plaintiff is one of the class for whose particular benefit the statute was enacted" (Hammer v American Kennel Club, 1 NY3d 294, 299 [2003] [internal quotation marks omitted]). Since the reckless endangerment statute was enacted for the benefit of the general public, not for the particular benefit of a class to which plaintiff belongs, no private cause of action may fairly be implied from it.
Plaintiff is correct that the alleged conduct is relevant to his civil causes of action and could prevent application of the Graves Amendment (compare Cioffi v S.M. Foods, Inc., 129 AD3d 888, 893-894 [2d Dept 2015] [denying motion to amend because allegations of criminal conduct "were not pertinent to the safety of the subject vehicle"]). Therefore, plaintiff should be permitted to assert the alleged violation and associated facts in support of his claims that defendants are not entitled to protection under the Graves Amendment.
The seventh cause of action seeking a declaratory judgment based on the lease agreement should have been dismissed against defendants in that plaintiff was not a party to or third-party beneficiary of the lease. No evidence was presented that the truck rental lease was intended for his benefit and that "the benefit to him was sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost"(State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000] [internal quotation marks omitted]). There is no language in the lease evidencing an intent to permit drivers of the [*2]leased trucks to seek enforcement of the lease provisions (see Branch v Riverside Park Community LLC, 74 AD3d 634, 634 [1st Dept 2010], lv denied 15 NY3d 710 [2010]).
The court utilized the proper legal standard in assessing the motions. Neither the lease nor the affidavit conclusively established a defense as a matter of law since plaintiff alleged that Dry Ice and Trucar operated as one entity, citing their common address and the blood relationship between the principals of both entities. The affidavit was insufficient as a matter of law to show that Dry Ice alone was responsible for repair of the truck and that it functioned as an independent company (see Rosario v Hallen Constr. Co., Inc, 214 AD3d 544, 545 [1st Dept 2023]).
The fourth (breach of implied warranties) and fifth (strict liability) causes of action were duplicative (see Mendel v Pittsburgh Plate Glass Co., 25 NY2d 340, 345 [1969]), and the fourth cause of action, which was pleaded in a conclusory manner, should have been dismissed by the court.
The court correctly concluded that there was an issue of fact concerning whether the truck involved in the accident was owned by Trucar or American based on a report
to an insurance company that contradicted the affidavit of Trucar and American's principal.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2024